38123. HARPER v. THE STATE.

HILL, Presiding Justice.

At approximately 10:30 p.m. on the night of November 22, 1980, Eva Sue Dean, Fay Hall, Horace Hamilton and the defendant, Willie James Harper, left Dean's home in Rome. They drove to the defendant's house where he went in and got a gun, which he gave to Dean to carry in her purse. They then proceeded to the American Legion in Cartersville. There the two women sat at the bar while the two men went into a back room to shoot pool. With the defendant taking side bets, Hamilton played and won consistently. Because Hamilton's winning streak was causing some unpleasantness, after about 30 minutes the defendant came out and got his gun. Hamilton continued to win, causing the other players to get upset. In the last game played, Hamilton won. When Charles Garnigan said he wasn't going to pay, the defendant approached him and shoved him in the neck with the gun. The gun fired, fatally wounding the victim. The defendant and his companions then left; two days later the defendant turned himself in to the police. Subsequently he was convicted by a jury of murder and sentenced to life imprisonment.

1. The defendant enumerates as error the admission of his statement to police. At a Jackson-Denno hearing the police officer who interrogated the defendant testified that he explained his rights to the defendant and that the defendant signed a waiver form and then made a statement, with the officer taking notes. When the officer then said he wanted to get the statement on tape, the defendant said he wanted an attorney. The officer stopped all interrogation and let the defendant call his attorney. The defendant testified that he asked for an attorney before he gave his statement.

Having heard this conflicting testimony, the trial court ruled that the statement "was voluntarily given after he had his Constitutional Rights explained to him." We find no error. Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964); *Crawford v. State,* 245 Ga. 89 (2) (263 SE2d 131) (1980).

2. In his statement, the defendant described his weapon as a .38 caliber gun and said that after he left the scene of the crime, he threw it out of the car window. On May 18, 1981, Horace Hamilton accompanied the district attorney and an investigator to a point on Highway 92, where they retrieved a .38 caliber automatic pistol from a ditch. Both Horace Hamilton and Eva Sue Dean testified that this gun looked like the defendant's gun. The defendant himself testified that it was not the same gun, but admitted that it was the same model, same color, and same size as his; that it had a clip, a hammer and a safety like his; and that he did not know anything about it that was different from his.

The defendant objected to its admission into evidence because there was no proof it was the same gun as that used in the crime. The trial court admitted it, finding it was shown to be the same gun by circumstantial evidence. We find no error. Moore v. Illinois, 408 U. S. 786, 798-800 (92 SC 2562, 33 LE2d 706) (1972); *Herlong v. State,* 236 Ga. 326 (2) (223 SE2d 672) (1976); *Gunn v. State,* 245 Ga. 359 (4) (264 SE2d 862) (1980).

3. Defendant also enumerates as error the trial court's failure to give two charges which he requested. Having examined the evidence and the requested charges, we find that the requested charges were not adjusted to the evidence in this case. *Booker v. State,* 156 Ga. App. 40 (4) (274 SE2d 84) (1980), revd. on other grounds, 247 Ga. 74 (274 SE2d 334) (1981); *Stevens v. State,* 247 Ga. 698 (9) (278 SE2d 398) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 17, 1982.

*G. Carey Nelson, H. Boyd Pettit III,* for appellant.

*Darrell Wilson, District Attorney, Michael J. Bowers, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.