## 69108. WALKER v. THE STATE.
(326 SE2d 833)

POPE, Judge.

Larry Walker brings this appeal from his conviction of possession of marijuana with intent to distribute same, a violation of the Georgia Controlled Substances Act. *Held*:

Appellant's sole enumeration of error challenges the trial court's admitting State's Exhibits 1 and 1A into evidence. The record shows that State's Exhibit 1 was a brown paper bag which contained $80 in cash and 32 manila envelopes containing marijuana. State's Exhibit 1A was the brown paper bag itself absent its contents. The evidence shows that appellant approached a plain-clothes police officer and handed him one of the manila envelopes from the subject brown paper bag. The officer attempted to seize appellant, but appellant broke loose and fled into a nearby wooded area with the brown paper bag. The bag was discovered shortly thereafter along the path taken by appellant during his flight. The manila envelopes in the bag were indistinguishable from the one appellant had handed to the officer. Appellant was arrested in the same vicinity a short while later.

The objection offered at trial to State's Exhibits 1 and 1A was, "I object, but I don't know why." Clearly, this "objection" is insufficient to present a question on appeal as to the admissibility of the subject exhibits. *Walker v. State*, 226 Ga. 292 (2) (174 SE2d 440) (1970), sentence vacated, *Sullivan v. State*, 229 Ga. 731 (194 SE2d 410) (1972). See *Lackey v. State*, 217 Ga. 345 (1) (122 SE2d 115) (1961). In any event, the testimony at trial sufficiently "connected" appellant with the exhibits and thus was admissible, their probative value and weight to be determined by the trier of fact. See *McCranie v. State*, 151 Ga. App. 871 (3) (261 SE2d 779) (1979); see also *Harper v. State*, 249 Ga. 46 (2) (287 SE2d 211) (1982); *Lewis v. State*, 158 Ga. App. 586 (1) (281 SE2d 331) (1981); *Kates v. State*, 152 Ga. App. 29 (2) (262 SE2d 221) (1979). Appellant's complaints regarding a blue tote bag, discovered by the officers during their search of the vicinity, present nothing for review here because this item was never marked as an exhibit at trial or tendered into evidence. Further, the record shows that the testimony concerning this tote bag came as the result of questioning by defense counsel and was not elicited by the State. See generally *Perryman v. State*, 244 Ga. 720 (2) (261 SE2d 588) (1979). Appellant's allegations of error present no ground for reversal.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

474

*Wesley M. Mathews, Jr., Thomas R. Moran,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Andrew Weathers, Margaret V. Lines, Assistant District Attorneys,* for appellee.