## 74435. SPIVEY v. THE STATE.
(361 SE2d 9)

SOGNIER, Judge.

Appellant was convicted of speeding and driving with .12 percent or more alcohol in his blood. In his sole enumeration of error appellant contends the trial court erred by excluding from evidence the results of an independent blood alcohol test conducted by Roche Biomedical Laboratories (RBL) in Burlington, North Carolina. Evidence pertaining to this issue disclosed that appellant was arrested for speeding and driving under the influence of alcohol around 1:00 a.m., January 10, 1986. After taking a breath test at the Athens, Georgia, police department which indicated an alcohol content of .13 percent alcohol content, appellant requested an independent blood alcohol test and was taken to the Athens Regional Medical Center. A registered nurse withdrew two vials of blood from appellant, labelled the tubes with appellant's name and the time and date the blood was drawn, wrapped the tubes in gauze and gave them to appellant. When informed that the Medical Center would not run the actual blood alcohol test, appellant contacted the Georgia State Crime Laboratory, which referred appellant to RBL in Athens. Appellant testified that the same afternoon (January 10th) he took the two vials of blood to RBL in Athens, which in turn forwarded the blood to RBL in Burlington, North Carolina, for testing. RBL in Athens received a computer printout of the results of the blood alcohol test which indicated there was no alcohol in the blood submitted by appellant.

Appellant offered the computer printout in evidence on the ground that a proper foundation had been laid for its admissibility as a business record, and a proper chain of custody had been established. The State's objection to admissibility of the document was sustained on the ground that a proper foundation had not been laid, and appellant contends that ruling was error.

We agree that a proper foundation was laid for admission of the document as a business record, because Debra Moore, branch manager of RBL-Athens, testified that the computer printout was made in the regular course of RBL's business, and it was in the regular course of their business to make the printout. OCGA § 24-3-14 (b); *Millwood v. State*, 166 Ga. App. 292, 293 (5) (304 SE2d 103) (1983). However, the printout contained the conclusion of the person who tested appellant's blood in Burlington that it contained no alcohol. If a hospital record (here a laboratory report) contains diagnostic opinions or conclusions, it cannot, upon proper objection, be admitted into

evidence unless and until a proper foundation is laid, i.e., the person who entered such opinions or conclusions upon the record must qualify as an expert and relate the facts upon which the entry was based. *Dunn v. McIntyre*, 146 Ga. App. 362, 363 (2) (246 SE2d 398) (1978); *Stoneridge Properties v. Kuper*, 178 Ga. App. 409, 412 (1) (343 SE2d 424) (1986). See also *Hurt v. State*, 239 Ga. 665, 673 (10) (238 SE2d 542) (1977). Since the person who conducted the test and made the report was not present and did not testify as to the basis of the report, the trial court did not err by sustaining the State's objection to admission into evidence of the computer printout.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 9, 1987.

*Christopher P. Brooks, Susan P. Tate*, for appellant.
*Kenneth Stula, Solicitor*, for appellee.