## A90A0891. WOOD v. THE STATE.
(393 SE2d 720)

DEEN, Presiding Judge.

Appellant Wood was convicted on three counts of child molestation. The alleged incidents involved two children, Wood's two-year-old daughter and her playmate, a neighbor's daughter. As his sole enumeration of error Wood asserts that the applicable statute, OCGA

§ 24-9-5, as amended, did not become effective in its present form until April 1989, some sixteen months after the occurrence of the alleged instances in December 1987, and that the trial court erred in allegedly failing to make a proper determination of the older child's credibility and competency. *Held*:

OCGA § 24-9-5, as amended, deals with a witness' credibility rather than only with his or her competency; in its original form the statute speaks only of competency. The record reveals that during the trial the prosecuting attorney asked the neighbor's daughter (now nearly nine years old) a series of questions, the answers to which clearly demonstrated that she understood both the difference between truth and falsehood and the importance of telling only the truth, thereby complying with the requirements of OCGA § 24-9-5. *Smith v. State*, 247 Ga. 511 (277 SE2d 53) (1981). The record further reveals that appellant's counsel failed to question the witness following the examination by the State, or to object at that time on competency grounds, even though the trial court expressly ruled that he would be allowed to examine the witness. Thus counsel's conduct amounted to a waiver of the right to raise the issue of the witness' competency on appeal. *Brinson v. State*, 191 Ga. App. 151 (381 SE2d 292) (1989); *Hollis v. State*, 191 Ga. App. 525 (382 SE2d 145) (1989).

It is the trial court which decides whether a witness is competent, OCGA § 24-9-7, and when the witness is a child, this is a matter within the court's sound discretion. *Hill v. State*, 251 Ga. 430 (306 SE2d 653) (1983). Compare *Hester v. State*, 187 Ga. App. 873 (371 SE2d 684) (1988), wherein the trial court found competent a nine-year-old who answered a series of questions similar to those posed in the instant case. See also *Akers v. State*, 179 Ga. App. 529 (346 SE2d 861) (1986).

We find no merit in appellant's enumeration.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 19, 1990.

*Cook & Palmour, Kristina C. Connelly*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Susan Sarratt, Assistant District Attorney*, for appellee.