A91A1358. DEPARTMENT OF HUMAN RESOURCES v. CORBIN.

(413 SE2d 484)

ANDREWS, Judge.

The Georgia Department of Human Resources (DHR) brought an action against Corbin pursuant to OCGA § 19-11-1 et seq. seeking to recover unreimbursed public assistance benefits paid on behalf of a minor alleged to be Corbin's child. Corbin denied that he was the child's father. DHR appeals from a jury verdict finding that Corbin was not the child's father.

DHR claims the trial court erroneously excluded from evidence the report showing the paternity blood test results and testimony from the department's expert witness as to his conclusions based on the excluded document. Corbin objected that the proffered report and testimony were hearsay because the expert did not personally conduct the testing, and the report contained the conclusions of others who did the testing and were not before the court.

If the laboratory report at issue contains the opinions or conclusions of a third party not before the court, those portions of the report are inadmissible hearsay until a proper foundation has been laid, "i.e., the person who entered such opinions or conclusions upon the record must qualify as an expert and relate the facts upon which the entry was based." *Spivey v. State,* 184 Ga. App. 118, 119 (361 SE2d 9) (1987); *Moody v. State,* 244 Ga. 247, 249 (260 SE2d 11) (1979).

DHR's contentions that this evidence was admissible as business records or under the authority of OCGA § 19-7-46 are without merit. Even if a proper foundation was laid to introduce the report as a business record, it was still not admissible as a whole if it contained the opinions or conclusions of a third party not before the court. *Hurt v. State,* 239 Ga. 665, 673 (238 SE2d 542) (1977). OCGA § 19-7-46 (a) provides that: "The results of medical tests and comparisons ordered by the court, including the statistical likelihood of the alleged parent's parentage, if available, shall be admitted in evidence when offered by a duly qualified, licensed practicing physician, duly qualified immunologist, duly qualified geneticist, or other duly qualified person." This statute sanctions admission of the results of scientifically reliable testing conducted by qualified persons. It does not, as DHR contends, eliminate or modify the hearsay rule with respect to admission of such tests results.

The record reflects that at least seven different tests were conducted on Corbin's blood sample by Roche Biomedical Laboratories.

The results of the tests were combined to yield the probability of paternity. The actual testing was done by technicians at the laboratory who operate under the direction of a staff of associate directors. DHR's expert immunologist was one of the associate directors. It is unclear from the record to what extent, if any, DHR's expert or other associate directors personally supervise the actual testing. Evidence showed the laboratory handled approximately 400 specimens a day, and DHR's expert testified that "at some point in the actual collection of the data we are involved in the interpretation and analysis, and I do not remember names of all the parties that I have been involved with that way. The record does not establish that DHR's expert obtained personal knowledge by supervising the actual testing done on Corbin's specimen.

Apparently, only the report combining the results of the individual tests was offered as documentary evidence by DHR. Since the results of the individual tests are not part of the record, we are unable to determine if the test results from which the report was compiled contained the opinions or conclusions of third parties who conducted the tests, or whether the individual tests simply yielded information not subject to a hearsay objection from which DHR's expert reached his own conclusions and opinions.

It is clear that the report at issue was a compilation of the individual test results and contained a conclusion with respect to the issue of Corbin's paternity. It is also clear that DHR's expert also based his proffered testimony on the results of the individual tests. Accordingly, to address the errors complained of it is necessary to review the contents of the individual test results. "The burden is on the appellant to show error by the record, and when a portion of the evidence . . . bearing upon the issues raised by the enumerations of error, is not brought up in the appellate record so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result. [Cits.]" *Morris v. Hodge*, 152 Ga. App. 815, 816-817 (264 SE2d 482) (1979).

*Judgment affirmed. Sognier, C. J., concurs, and McMurray, P. J., concurs in judgment only.*

DECIDED NOVEMBER 14, 1991 —
RECONSIDERATION DENIED NOVEMBER 21, 1991 —

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General,* for appellant.

*Walker, Hulbert, Gray & Byrd, Charles W. Byrd,* for appellee.