A92A0387. WELLS v. THE STATE.
(418 SE2d 450)

McMURRAY, Presiding Judge.

Defendant was charged, via accusation, with simple battery. The evidence adduced at a bench trial showed that defendant met his estranged wife ("the victim") in the parking lot behind the victim's place of employment and gave the victim items of personal property left in defendant's possession after the couple's separation. After the exchange, defendant asked the victim to have dinner with him. The victim refused and "tried to get in [her] car to leave to go to lunch. [Defendant then] grabbed at [her] and he did pinch [her] breast."

The trial court found defendant guilty of simple battery. This appeal followed. *Held*:

Defendant challenges the sufficiency of the evidence, arguing that the "tweaking" of his estranged wife's breast was not done in an insulting or provoking manner so as to constitute the crime of simple battery. Defendant argues that his actions were "in a conciliatory spirit, as though seeking a reconciliation and without any intent to insult or provoke the wife, other than to entice her to have dinner with him." This contention is without merit.

"A person commits the offense of simple battery when he . . . [i]ntentionally makes physical contact of an insulting or provoking

nature with the person of another. . . ." OCGA § 16-5-23 (a) (1). The victim's testimony that defendant "did pinch [her] breast" without consent was sufficient to authorize the trial court's finding that defendant is guilty, beyond a reasonable doubt, of simply battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED APRIL 29, 1992.

*Karen D. Barr,* for appellant.
*J. Sidney Flowers, Solicitor,* for appellee.