## S92A1518. BROWN v. THE STATE.
(426 SE2d 559)

BENHAM, Justice.

This appeal is from appellant's conviction for malice murder.[1] The evidence adduced at trial established that appellant, a mentally retarded nineteen-year-old, killed her one-year-old child by means of repeated blows to his head with a metal table leg.[2]

1. In her first enumeration of error, appellant complains of the trial court's denial of her motion for mistrial on the ground that an expert witness testified to the ultimate issue in the case. A physician who had evaluated the victim's injuries in the hospital was asked by the trial court whether he had an opinion as to the cause of death. The witness' response, that the "child died directly from child abuse," and that the "child died of a massive head injury as a direct result of child abuse," prompted appellant's motion for mistrial. The trial court denied the motion and cautioned the jury that child abuse was not an issue in the case and that it was to disregard any reference to child abuse.

At trial, appellant relied on *Harris v. State*, 261 Ga. 386 (405 SE2d 482) (1991), and *Allison v. State*, 256 Ga. 851 (353 SE2d 805)

---

[1] The homicide occurred on October 2, 1991, and appellant was indicted for murder in the January 1992 term. A trial conducted August 4-5, 1992, resulted in a verdict of guilty and a sentence of life imprisonment. A notice of appeal was filed on August 31, 1992, the case was docketed in this court on September 15, 1992, and oral argument was had on November 9, 1992.

[2] Although appellant did not raise the sufficiency of the evidence on appeal, our review of the record persuades us that the evidence presented at trial was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(1987), and on appeal relies on *McCartney v. State*, 262 Ga. 156 (414 SE2d 227) (1992), for the proposition that the witness' testimony was so prejudicial as to require a mistrial. While we recognize that reversible error may have occurred had the trial court admitted the testimony over appellant's objection, that is not what happened here: instead of admitting the testimony, the trial court took measures to exclude it by directing the jury not to consider it. In all three cited cases, it was the admission of the testimony which was held to be error. In the present case, the exclusion of the testimony and the trial court's curative instructions prevented the error from occurring.

2. Appellant objected at trial to a psychologist's opinion testimony on the subject of sanity, basing the objection on the same ground as her objection to the excluded testimony of the physician regarding child abuse. Contrary to her argument, expert testimony on the subject of sanity is admissible. See *Smith v. State*, 247 Ga. 612, 617 (277 SE2d 678) (1981). Appellant's complaints on appeal concerning the prosecuting attorney's conduct in eliciting the psychologist's testimony were not raised in the trial court and may not, therefore, be raised here. *Spencer v. State*, 260 Ga. 640 (9) (398 SE2d 179) (1990).

3. Appellant contends in her third enumeration of error that the trial court erred in refusing to charge the jury on insanity. The only evidence on the subject of insanity was the testimony of an expert witness for the State to the effect that appellant was not insane and was not mentally ill. There being no evidence that appellant was insane, there was no error in refusing to charge on the issue. *Duck v. State*, 250 Ga. 592 (2) (a) (300 SE2d 121) (1983).

4. Contrary to appellant's representation on appeal, the trial court's charge on mental retardation was taken verbatim from appellant's request to charge on that issue. That being so, any error in the charge was induced and cannot now be relied upon to seek a reversal. *Patterson v. State*, 233 Ga. 724 (7) (213 SE2d 612) (1975).

5. Appellant's request for a charge on malice based on this court's decision in *Lackey v. State*, 246 Ga. 331 (8) (271 SE2d 478) (1980), was properly refused by the trial court. The requested charge speaks of the necessity of distinguishing between harm caused by intentional neglect and harm caused by inability, carelessness or accident. The evidence in this case did not raise any issues of neglect, intentional or otherwise. Since the charge was not authorized by the evidence in this case, it was properly refused. *Harper v. State*, 249 Ga. 46 (3) (287 SE2d 211) (1982).

6. In attacking the trial court's determination that appellant's confession was voluntarily made, appellant argues that the factors enumerated in *Marshall v. State*, 248 Ga. 227 (3) (282 SE2d 301) (1981), for scrutinizing the statements of juveniles should have been applied because appellant is mentally retarded. Appellant offers no

authority for that position and we have found none. On the other hand, this court has previously faced the issue of the voluntariness of a confession made by a person suffering from mental retardation.

> A trial court may be authorized to find that an individual is capable of waiving his rights even though there is evidence to the effect that he is moderately retarded. [Cit.] Retardation, and the extent of the same as presented by the ambit of the evidence in this case, is one of the facts that had to be determined by the trial court at the Jackson v. Denno hearing. Once the determination is made it will be approved by this court unless we find that it is clearly erroneous. [Cit.]

*Moses v. State*, 245 Ga. 180 (5) (263 SE2d 916) (1980). In the present case, the trial court heard testimony from appellant and testimony from the police officers who received appellant's several statements. The officers testified that appellant was several times informed of her rights and appeared to understand them, that she never asked for counsel, that she volunteered to write out a written statement and did so, that she was given an opportunity to take a break and to make a telephone call, and that her statements were made voluntarily. Appellant testified that she was never informed of her rights, that she did not write out the statement, and that her voice did not appear on a taped statement. Part of the trial court's determination of admissibility was based on credibility, specifically a finding that appellant was not telling the truth.

> A trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal unless clearly erroneous. [Cit.] The trial court's credibility determinations here were not clearly erroneous.

*Terry v. State*, 259 Ga. 165 (2) (377 SE2d 837) (1989). We find no error in the admission of appellant's statements.

7. There being nothing in the record to show that the atmosphere in the community was so inherently prejudicial due to pretrial publicity that appellant could not receive a fair trial, or that she could not receive a fair trial due to the prejudice of individual jurors (see *Peebles v. State*, 260 Ga. 430 (2) (396 SE2d 229) (1990)), we find no error in the denial of her motion for a change of venue.

8. Relying on *DHR v. Corbin*, 202 Ga. App. 10 (413 SE2d 484) (1991), appellant complains that a police officer's testimony concerning a blood pattern analysis should not have been permitted because he was not the person who did the testing. That complaint is not supported by the record. In *Corbin*, the excluded evidence contained con-

clusions based on results of tests performed by persons other than the witness; here, the record shows that the witness collected the physical evidence and subsequently did the pattern analysis with the assistance of an instructor at the Georgia Police Academy. *Corbin,* therefore, has no application to this case and no error has been shown with regard to admission of the blood pattern analysis testimony.

9. Appellant's ninth enumeration of error concerns the admission of repetitive post-autopsy photographs of the victim. Since the record shows that appellant objected on those grounds to only one of the photographs, we will consider the propriety of the admission of that photograph only. The photograph shows the skull of the victim with the scalp deflected. The State argued successfully in the trial court that the admission of the photograph was necessary to rebut appellant's claim that it was the victim's three-year-old brother who inflicted the fatal head injuries. As the State contended, the photograph shows the extent to which the victim's skull was fractured by the blows, tending to disprove the theory that a three-year-old could have been responsible. We hold, therefore, that the admission of the autopsy photograph of which appellant complains was proper under the necessity exception in *Brown v. State,* 250 Ga. 862 (5) (302 SE2d 347) (1983). See also *Brown v. State,* 260 Ga. 153 (6) (391 SE2d 108) (1990).

10. Finally, appellant contends that the trial court committed reversible error by requiring appellant to provide a handwriting exemplar. Appellant correctly notes that the Court of Appeals held in *State v. Armstead,* 152 Ga. App. 56 (262 SE2d 233) (1979), that requiring a defendant to furnish a handwriting exemplar violated the defendant's right under the Georgia Constitution not to be compelled to give self-incriminating evidence. The State seeks to justify the trial court's action by noting that the writing samples were not used as substantive evidence, but merely to establish the admissibility of appellant's statements. We do not find such a distinction in *Armstead* or in the Constitution. However, given the circumstances of the error, reversal is not required.

> A conviction will be affirmed despite constitutional error if the error is harmless beyond a reasonable doubt. [Cit.] "A constitutional error is harmless, if there is no 'reasonable possibility that the evidence complained of might have contributed to the conviction' [Cit.] The test is not 'whether there was sufficient evidence on which the petitioner could have been convicted without the evidence complained of,' [cit.], but whether the evidence complained of may have influenced the factfinder's deliberations, [cit.]." [Cit.]

*Vaughn v. State,* 248 Ga. 127 (2) (281 SE2d 594) (1981).

The prosecuting attorney requested the handwriting exemplar from appellant during the course of a hearing on the voluntariness of her several statements. Appellant had just denied writing and signing a statement or signing a medical form, and the prosecuting attorney sought the exemplar for the purpose of establishing her authorship of the questioned documents. The record does not reflect that any use was ever made of the exemplar in the further course of that hearing. The jury never saw the exemplar or heard that it existed. The evidence at the hearing was overwhelming against appellant's assertion that she had not written the statement or signed the medical form. Under those circumstances, we hold that there is no reasonable possibility that the compelled exemplar contributed to appellant's conviction and that the error in compelling the production of the exemplar was harmless beyond a reasonable doubt.

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Fletcher, Sears-Collins, JJ., and Judge Brooks E. Blitch concur; Hunstein, J., not participating.*

DECIDED MARCH 8, 1993.

*Lavender & Lavender, Robert W. Lavender, Michelle C. Feinberg,* for appellant.

*Lindsay A. Tise, Jr., District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General,* for appellee.