## A93A1411. LOYLESS v. THE STATE.
### (436 SE2d 814)

BLACKBURN, Judge.

The appellant, John Loyless, was indicted as a recidivist on one count of child molestation and one count of simple battery. Following a trial by jury, he was convicted of both offenses, and sentenced to 20 years' imprisonment for child molestation and 12 months' imprisonment for simple battery, to serve consecutively. This appeal follows the trial court's denial of his motion for a new trial.

The evidence produced at trial shows that Loyless resided in the same neighborhood as both victims and was drinking at the time of each incident. The 28-year-old, mentally slow, battery victim testified that Loyless came to his home where he lived with his mother and requested to use their bathroom. Once inside the victim's home, Loyless did not use the bathroom as requested, but sat next to the victim, grabbed the victim's shirt, and tried to unbuckle the victim's pants. He also fondled the victim's genital area and tried to have sex with him. Loyless was identified in court as the perpetrator.

The molestation victim, who was six years old at the time of trial, was in his back yard when Loyless picked him up over the fence that separates his yard from the yard of Loyless, and touched his buttocks. He also fondled his genital area. The victim informed a detective investigating the incident and a child protective service worker that Loyless fondled him. He also informed his kindergarten teacher that an older person fondled his genital area, although he did not identify Loyless by name.

During his testimony, Loyless admitted that he went to the home of the battery victim and sat near the victim after he used the bathroom. He maintained that he did not touch the battery victim in an improper manner, although he did admit that he touched the battery victim's knee before he exited the home. He further denied touching

the molestation victim on his buttocks or in his genital area. In 1969, Loyless pled guilty to the sodomy of a male child under the age of 16, and over objection, a copy of his conviction was admitted to impeach his testimony that he was not a child molester. No error was raised on appeal concerning the admission of the prior conviction evidence or the examination of defendant in connection therewith and will not therefore be addressed.

1. Loyless asserts that a new trial is warranted because the evidence produced at trial does not support his conviction. We conclude otherwise.

Viewing the evidence in the light most favorable to the jury's verdict, including the testimony of the witnesses, we find that there was sufficient evidence such that a rational trier of fact could find Loyless guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Teasley v. State*, 207 Ga. App. 719 (1) (429 SE2d 127) (1993); *Sisk v. State*, 207 Ga. App. 817, 819 (1) (429 SE2d 274) (1993). See also *Wells v. State*, 204 Ga. App. 90 (418 SE2d 450) (1992). Accordingly, the trial court did not abuse its discretion in denying his motion for a new trial.

2. Loyless additionally asserts that the trial court erred in allowing the jury to determine the competency of the minor child molestation victim after the minor's competency was challenged. We disagree.

Under OCGA § 24-9-7, the competency of a witness is determined by the court and if there is any objection to the witness' competency, it must be made before the witness is examined. "Although the statute calls for a preliminary examination . . . even the complete failure of the court to hold a preliminary proceeding has been held not reversible error, where [as in the case sub judice] an examination on the question of competency is in fact made by counsel in the presence of the court and the jury, and the court is satisfied from such examination that a prima facie case of competency is shown. Any procedural defect or error made by the trial court during an examination to determine competency must be 'very flagrant' to authorize this court to reverse the trial court's judgment on this question. [Cit.]" *Sprayberry v. State*, 174 Ga. App. 574, 576 (1) (330 SE2d 731) (1985).

There was sufficient evidence for the trial court to determine that the child met the standard of intelligence required for qualification as a witness. The child's responses to the questions posed by the prosecution "clearly demonstrated that [he] understood both the difference between truth and falsehood and the importance of telling only the truth, thereby complying with the requirements of OCGA § 24-9-5. [Cit.]" *Wood v. State*, 195 Ga. App. 424, 425 (393 SE2d 720) (1990). See also *Cook v. State*, 199 Ga. App. 523 (405 SE2d 341) (1991). Any failure by the trial court to make a preliminary determination on the

competency of the molestation victim was not such error as to warrant reversal under the facts of this case. In any event, Loyless did not voice any objection to the procedure employed by the trial court in determining the competency of the molestation victim and cannot now complain, having waived any right to do so.

3. Lastly, Loyless asserts that the trial court erred in denying his motion to sever the child molestation and simple battery offenses. He further contends that the trial court's erroneous denial of his motion to sever the offenses denied him a fair and impartial trial, warranting a new trial.

"Severance is required if offenses are joined solely because they are similar in nature. Severance is not mandated, however, where the similarity of the offenses is coupled with evidence of a pattern which shows a common motive, plan, scheme, or bent of mind. Where the modus operandi of the perpetrator is so strikingly alike, that the totality of the facts unerringly demonstrate and designate the defendant as the common perpetrator, the offenses may be joined — subject to the right of the defendant to severance in the interests of justice. Severance in this particular kind of circumstance lies within the sound discretion of the trial judge." (Citations and punctuation omitted.) *Jefferson v. State*, 206 Ga. App. 544, 546-547 (3) (425 SE2d 915) (1992). See also *Williams v. State*, 206 Ga. App. 533 (426 SE2d 32) (1992); *Jordan v. State*, 172 Ga. App. 496, 497 (323 SE2d 657) (1984); *Gober v. State*, 247 Ga. 652 (1) (278 SE2d 386) (1981).

It is apparent that the joined offenses were part of a pattern of conduct in which Loyless sexually attacked two neighbors, one being very young and the other being mentally slow. The evidence presented at trial showed that Loyless, while drinking, was the perpetrator of the offenses against the victims, both of whom he knew, which demonstrates a bent of mind of sexual deviancy and a pattern of sexual abuse. As a result, severance was not mandated. "The joined offenses were not similar merely because they were sexual crimes against [a young boy and a young man] but because they allegedly were committed in a similar manner, i.e., fondling of the genital areas." *Hammock v. State*, 201 Ga. App. 614, 618 (5) (411 SE2d 743) (1991). " 'Moreover, the offenses charged were not so numerous or the evidence so complex that, prior to trial, the court could find that the trier of fact would be unable to distinguish the evidence and apply the law intelligently as to each offense.' [Cit.]" *Campbell v. State*, 206 Ga. App. 456, 458 (2) (426 SE2d 45) (1992). Consequently, we conclude that the trial court did not abuse its discretion in denying Loyless' motion to sever and motion for new trial on this basis.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 28, 1993.

*John W. Sherrer, Jr.*, for appellant.
*John C. Pridgen, District Attorney, Kathryn O. Fallin, Assistant District Attorney*, for appellee.