491 S.E.2d 836 (1997)
226 Ga. App. 385
PIEFER
v.
The STATE.
No. A97A1137.
Court of Appeals of Georgia.
September 4, 1997.
Alan J. Baverman, Atlanta, for appellant.
Thomas J. Charron, District Attorney, James E. Albertelli, Debra H. Bernes, Michael S. Moody, Nancy I. Jordan, Assistant District Attorneys, for appellee.
HAROLD R. BANKE, Senior Appellate Judge.
Jason John Piefer was convicted of one count of armed robbery. Enumerating two errors, Piefer challenges the in-court identification procedure and a jury instruction.
On appellate review, the evidence which follows must be viewed in a light most favorable to the verdict. Cline v. State, 221 Ga.App. 175, 471 S.E.2d 24 (1996). At gunpoint, Piefer and his co-defendant, Michael Dodge, robbed a convenience store clerk. Piefer placed a weapon on the end of the victim's nose and demanded cash. A juvenile, who remained outside as the getaway driver, testified that he overheard Piefer yell, "Give me the fking money." During their escape, Piefer and Dodge tossed some of their clothing out a car window. Investigators subsequently recovered a hat, a sweatshirt, and a flannel shirt, which the victim recognized as being worn by the perpetrators. The victim was not able to identify either assailant but remembered their attire and mannerisms.
According to the juvenile, Piefer was wearing the blue checked long sleeve flannel shirt and a Mighty Ducks hat, and Dodge was wearing a pullover sweater and an Atlanta Braves hat. He further testified that Piefer had the gun in his hand when he entered and when he exited the store. Dodge, who pleaded guilty to robbery by intimidation, identified Piefer as both the instigator and the gunman. The testimony of Dodge and the juvenile was corroborated by several other witnesses, including the detective who initially *837 solved the case when interviewing the juvenile for unrelated crimes. According to Dodge's mother, on the night of the robbery, she overheard the young men on the porch of her home discussing the details of what transpired. A mutual friend of the perpetrators testified that when they visited his home, they bragged about committing the armed robbery. During their visit, Piefer reenacted how he had held the gun on the victim. Over objection, the prosecutor had Piefer try on the Mighty Ducks hat and the flannel shirt. At that point, the victim still was unable to identify Piefer as one of the robbers, testifying only that his appearance seemed "in the ballpark." The victim readily conceded that "a thousand or a million other people" could be in that ballpark. Later, at the request of defense counsel, the juvenile tried on the same clothes, and Dodge tried on the shirt. Held:
1. Piefer contends that his constitutional protection against self-incrimination was violated when the State compelled him to try on the clothes found near the crime scene. He claims that the State forced him to give evidence against himself. OCGA § 24-9-20(a). See Hambrick v. State, 204 Ga.App. 668, 670(3), 420 S.E.2d 308 (1992) (requiring an accused to submit to act distinguished from requiring an accused to perform an act). Pretermitting whether compelling Piefer to put on the hat and shirt constituted constitutional error, we find that any such error was harmless beyond a reasonable doubt. Brown v. State, 262 Ga. 833, 836(10), 426 S.E.2d 559 (1993). As the record makes plain, after Piefer donned the shirt and hat, the victim was still unable to identify him as the gunman. In light of the overwhelming evidence of Piefer's guilt, including his confession to others, his reenactment of the robbery at gunpoint to a friend, and the corroborating testimony of his two accomplices, we hold there is no reasonable possibility that the compelled display contributed to Piefer's conviction. Id. at 837(10), 426 S.E.2d 559.
2. Piefer contends that the trial court erred in its instruction by requiring the jury to reach a unanimous verdict as to the offense of armed robbery before considering the lesser included offense. Although it is error to require a jury to unanimously agree on the greater offense before considering a lesser offense, the trial court imposed no such requirement in this case. Cantrell v. State, 266 Ga. 700, 703, 469 S.E.2d 660 (1996); Brewer v. State, 224 Ga.App. 656, 658(3), 481 S.E.2d 608 (1997). The record shows that the trial court did not insist on unanimous agreement by the jury before it could proceed to the lesser included offense of robbery by intimidation. Cantrell, 266 Ga. at 703, 469 S.E.2d 660. Having examined the instruction as a whole, we find no error.
Judgment affirmed.
JOHNSON and BLACKBURN, JJ., concur.