## A98A1550. CHERGI v. THE STATE.
### (507 SE2d 795)

Judge Harold R. Banke.

Paul Eugene Chergi was convicted of armed robbery, possession of cocaine, felony obstruction of an officer, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. He enumerates four errors on appeal.

This case arose when Chergi robbed the assistant manager of a local Shoney's Restaurant at gunpoint in the presence of several witnesses. *Piefer v. State,* 228 Ga. App. 385 (491 SE2d 836) (1997) (evidence is reviewed on appeal in the light most favorable to the verdict). Just before the robbery, a security guard at a nearby construction site saw a red Beretta with some damage to the right side park behind a donut shop next to the Shoney's. A young white man got out and walked to the Shoney's. After hearing the car speed from the parking lot, the guard was informed by a police investigator that the Shoney's had been robbed. The guard connected the robber to the Beretta and informed the police.

Later that night, Chergi and his girl friend drove to Roswell Road and purchased some cocaine, then went to the Mariott Marquis where they smoked cocaine all night. They returned to the girl friend's apartment and then left to purchase more cocaine.

On their way back, one of the arresting officers spotted the car and radioed for assistance. After the officer pulled Chergi from the car and prepared to frisk him, Chergi ran and the officer called the K-9 unit. Eventually, Chergi was found, subdued, and arrested. Officers found a crack pipe containing cocaine in the Beretta. *Held*:

1. Chergi argues that the trial court's failure to sever the obstruction and possession charges from the armed robbery and weapons charges requires reversal. We disagree.

Severance is mandated when offenses are joined solely because of their similarity, but not when offenses are joined because they are based on a series of acts connected together. *Loyless v. State,* 210 Ga. App. 693, 695 (3) (436 SE2d 814) (1993); *Sabree v. State,* 195 Ga. App. 135, 137 (1) (392 SE2d 886) (1990). Joinder of offenses based on their

connectedness is permissible unless it precludes a fair trial. *Sabree*, 195 Ga. App. at 137 (1).

Here, a reasonable factfinder could infer a connection between the armed robbery, the purchase of cocaine, and Chergi's flight to avoid prosecution. Id. The association between the high cost of drugs and the need for funds to purchase them is well recognized. Because these offenses clearly were not joined solely for their similarity, we must conclude that the trial court did not abuse its discretion in denying the motion for severance. Id.; *Loyless*, 210 Ga. App. at 695; see *Carter v. State*, 261 Ga. 344 (1) (404 SE2d 432) (1991).

2. Chergi argues that the trial court erred by permitting the State to introduce identification testimony which was purportedly tainted. He argues that the in-court identification procedure was flawed because one of the witnesses, who could not identify him in the photo lineup, was asked to review those photos and then make an in-court identification, and the defense investigator was ordered to move from counsel table, purportedly due to his resemblance to Chergi.

While Chergi broadly argues that this procedure tainted all the witnesses who offered identification testimony, the witnesses at issue were unable to identify Chergi from the photo lineup and admitted so before the jury. Only two of the witnesses subsequently identified Chergi at trial, and one of them had not viewed the photographic lineup. These are the only witnesses who arguably could have harmed Chergi. See *Williams v. State*, 202 Ga. App. 485, 486 (2) (414 SE2d 712) (1992) (both harm and error are necessary for successful appeal).

Pretermitting whether the allegedly tainted identification testimony was cumulative, the evidence at issue was admissible. See *Thompson v. State*, 201 Ga. App. 646, 648 (3) (411 SE2d 886) (1991). A witness' failure to make a pretrial identification of the defendant merely raises an issue of weight, and does not affect the admissibility of a subsequent in-court identification. *Ralston v. State*, 251 Ga. 682, 684 (2) (309 SE2d 135) (1983); *West v. State*, 218 Ga. App. 341 (1) (461 SE2d 300) (1995). The witnesses who identified Chergi at trial were subject to cross-examination concerning their identification and their ability to observe Chergi during the crime. *Ralston*, 251 Ga. at 684 (2). Having considered their testimony, we find that the in-court identifications had independent origins, in that both witnesses were standing at or near the register when Chergi approached it and pulled out his gun. *Munn v. State*, 208 Ga. App. 674, 676 (5) (d) (431 SE2d 447) (1993); *Johnson v. State*, 214 Ga. App. 455, 458 (1) (448 SE2d 80) (1994).

3. The court's failure to instruct the jury that the .25 caliber semiautomatic pistol introduced into evidence was only a replica of

the firearm at issue does not require reversal. Replicas of weapons used in the commission of a crime are generally admissible when it is undisputed that a similar weapon was used. *Stiles v. State,* 216 Ga. App. 308, 309 (2) (454 SE2d 189) (1995). It is undisputed that the weapon used in the robbery, described by witnesses as a small semi-automatic, was similar to that introduced here as demonstrative evidence. *Rivers v. State,* 225 Ga. App. 558, 562 (4) (484 SE2d 519) (1997). Inasmuch as the weapon was admissible, the investigator testified that he had not recovered the gun used in the robbery, and the court gave defense counsel permission to argue in closing that the real pistol had not been recovered, we fail to see how Chergi was harmed by the absence of a charge on this issue. See *Miller v. State,* 226 Ga. App. 509, 514 (3) (486 SE2d 911) (1997) (both harm and error necessary for successful appeal).[1] We need not reach Chergi's remaining arguments on this matter because they were not raised in the enumeration. *Guest v. State,* 229 Ga. App. 627, 628 (1) (494 SE2d 523) (1997).

4. Chergi contends that the evidence of cocaine possession, consisting solely of uncorroborated testimony from his girl friend, was insufficient to support his conviction. We disagree.

Accomplice testimony must be corroborated to support a conviction. OCGA § 24-4-8. But only slight evidence of participation in the offense from an extraneous source will provide the necessary corroboration, which may consist entirely of circumstantial evidence. *Moody v. State,* 232 Ga. App. 499, 503 (2) (502 SE2d 323) (1998).

Here, Chergi's girl friend testified that he purchased cocaine after stopping at the Shoney's and smoked it later that night at the Marriott Marquis using a crack pipe which was subsequently recovered in the Beretta. Another crack pipe was found in a pair of Chergi's pants sitting in a basket at his girl friend's apartment. The arresting officer testified about Chergi's flight. Id. at 502. Further, a chemical test revealed a cocaine metabolite in Chergi's blood. This evidence, viewed in the light most favorable to the verdict, was sufficient to establish all the elements of cocaine possession. *Jackson v. Virginia,* 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 28, 1998.

*Jill L. Anderson, Lee W. Fitzpatrick,* for appellant.

---

[1] Closing arguments were not transcribed.

*David McDade, District Attorney, Jeffrey L. Ballew, Assistant District Attorney*, for appellee.