## S99A1714. ADAMS v. THE STATE.
### (527 SE2d 200)

THOMPSON, Justice.

Phillip Adams was convicted of malice murder and armed robbery in connection with the death of Curtis Cleghorn. This appeal followed the denial of Adams' motion for new trial.[1]

Cleghorn raised Adams as a son from the time Adams was 14. On January 8, 1996, Cleghorn's neighbor filed a missing person's report because she had not seen Cleghorn since December 30. The following day, the police found Cleghorn's 1986 Chrysler in the parking lot of a convenience store. The doors were unlocked, and the keys were in the ashtray.

Cleghorn's body was not found until November 6, 1996, when a deer hunter discovered his remains. The police found Cleghorn's empty wallet nearby. Although Cleghorn's body was severely decomposed, the medical examiner was able to determine that the cause of death was multiple stab wounds to the back.

Angela Iler, Adams' girlfriend, told the police that Cleghorn called Adams the morning of December 31 and asked Adams to help him with his car. Before Cleghorn arrived to pick up Adams, Adams

---

[1] Adams was indicted on May 15, 1997, and charged with malice murder, felony murder (predicated on armed robbery), and armed robbery. Trial commenced on September 14, 1998. Three days later, the jury returned a verdict of guilty on all three counts of the indictment. The trial court vacated the felony murder count and sentenced Adams to life in prison for malice murder and 20 years (consecutive) for armed robbery. Adams' timely filed motion for new trial was denied on June 29, 1999, and he filed a notice of appeal on July 27, 1999. The appeal was docketed in this Court on August 18, 1999, and submitted for decision on the briefs on October 11, 1999.

told Iler that he planned to rob Cleghorn if he did not agree to give Adams some money. Cleghorn arrived in someone else's car, and when the two left, Adams had a large hunting knife.

Adams returned that evening in Cleghorn's car. Although he did not have any money before he left with Cleghorn, he gave Iler $100 when he returned. Adams also gave $50 to another person and bought $100 worth of crack cocaine.

Adams told Iler he killed Cleghorn because Cleghorn had called Iler a whore. Adams asked Iler to clean his knife, although it did not have any blood on it, and he subsequently disposed of the knife in the woods. Sometime later, Adams again admitted to Iler (as well as others) that he killed Cleghorn.

1. The evidence is sufficient to enable any rational trier of fact to find Adams guilty beyond a reasonable doubt of malice murder and armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Adams asserts the trial court erred when it failed to excuse juror James Pendley for cause after he said he was biased against criminal defense lawyers because they use "fabrications based on petty technical things." In this regard, Adams adds that when the trial court asked Pendley whether he could be fair and impartial, he was only able to respond, "I guess the answer is yes." We find no error.

> For a juror to be excused for cause, it must be shown that he or she holds an opinion of the guilt or innocence of the defendant that is so fixed and definite that [he or she] will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. [Cits.] A prospective juror's doubt as to his or her own impartiality does not demand as a matter of law that he or she be excused for cause.

*Holmes v. State*, 269 Ga. 124, 126 (498 SE2d 732) (1998). Pendley never expressed any specific bias against Adams' trial lawyer and said he did not "have a preconceived notion" that Adams was guilty. Moreover, although Pendley expressed doubt about his ability to be impartial, he ultimately stated that he thought he could. It cannot be said, therefore, that the trial court abused its discretion in refusing to excuse Pendley for cause. See *Scott v. State*, 193 Ga. App. 577, 578 (388 SE2d 416) (1988) (trial court did not err in refusing to excuse for cause juror who stated she was inclined to favor prosecution, but who, when asked if she could be impartial, stated "Yes, I guess I could.").

3. Adams asserts the trial court erred in permitting the State to

show that, in 1984, when Adams was living with Cleghorn, the police were summoned to Cleghorn's home because Adams and Cleghorn were engaged in a dispute as to who would cut the grass; that Adams shot at the police; that as the police led Adams away, he broke free and punched Cleghorn; and that Adams was prosecuted and imprisoned for the offenses stemming from that incident. We find no error. The State demonstrated that Adams blamed Cleghorn for the prior incident; and that, at the time of the murder, he still begrudged Cleghorn because of it.[2] Thus, the prior incident constituted evidence of motive, and it cannot be said it was irrelevant or remote in time. "While motive is not an essential element in the proof of the crime of murder, the State is entitled to present evidence to establish that there was a motive. *Spencer v. State*, 231 Ga. 705, 708 (203 SE2d 856) (1974)." *Johnson v. State*, 260 Ga. 457, 458 (396 SE2d 888) (1990). Nor can it be said that evidence of the prior incident improperly put Adams' character into evidence. " 'Evidence that is otherwise relevant and material to the issues in a criminal case does not become inadmissible simply because it incidentally puts a defendant's character or reputation into evidence.' " *Earnest v. State*, 262 Ga. 494 (422 SE2d 188) (1992).

4. The trial court did not err by admitting evidence that Adams purchased crack cocaine after the armed robbery and murder of Cleghorn. The evidence was relevant and admissible to show Adams' motive in committing the crimes. See *Chergi v. State*, 234 Ga. App. 548 (507 SE2d 795) (1998) (reasonable factfinder can infer connection between armed robbery and purchase of cocaine because association between high cost of drugs and need for funds to purchase them is well recognized); *Carruth v. State*, 182 Ga. App. 786, 787 (2) (357 SE2d 122) (1987) (evidence that defendant used part of the money derived from the robbery to purchase and consume drugs was relevant and admissible to show defendant's motive in committing the crime).

5. The armed robbery conviction did not merge with the malice murder conviction as a matter of law or fact. *Lemay v. State*, 264 Ga. 263, 265 (1) (443 SE2d 274) (1994).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 28, 2000.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer,* for appellant.

*Daniel J. Porter, District Attorney, George F. Hutchinson III,*

---

[2] Iler testified that Adams said, "Curtis cost him 20 years and he would pay for that."

*Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wesley S. Wood, Assistant Attorney General*, for appellee.