# Court of Appeals
# of the State of Georgia

ATLANTA, July 31, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1944; A20A1945. PAUL CHERGI v. THE STATE.**

In May 1991, in Gwinnett County Superior Court, Paul Chergi was convicted of possession of a firearm by a convicted felon, theft by receiving stolen property, financial transaction card theft, and possession of cocaine. The Gwinnett County Superior Court sentenced Chergi to a total of twenty years with ten years to serve in confinement. We affirmed his convictions on appeal. See *Chergi v. State*, 202 Ga. App. 700 (415 SE2d 317) (1992). Chergi was also convicted in Douglas County Superior Court of armed robbery, possession of cocaine, felony obstruction of an officer, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon, for which he was sentenced to life imprisonment plus five years of probation. We affirmed those convictions on appeal. See *Chergi v. State*, 234 Ga. App. 548 (507 SE2d 795) (1998).

In March 2019, in Gwinnett County Superior Court, Chergi filed "Motions to Vacate Void Sentence and Relief from Judgment [OCGA] § 9-11-60 Venue," and a motion for appointment of counsel. The court denied Chergi's motions. Thereafter, Chergi filed a motion titled "Petition for Writ of Mandamus Appeal Notice, Default," seemingly requesting that the Gwinnett County Superior Court send his records and transcripts to the Georgia Supreme Court. The Gwinnett County Superior Court denied the motion, finding Chergi failed to state a claim upon which relief could be granted. Chergi then filed direct appeals in the Georgia Supreme Court seeking to appeal both orders. After finding no basis for jurisdiction, the Supreme Court transferred the appeals to this Court. See Case Nos. S20A1017; S20A1018 (transferred April 20, 2020). We, however, also lack jurisdiction.

As to the order denying his motion to vacate a void sentence, Chergi is not entitled to direct appeal. Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may only modify a void sentence. Id. And a direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomasv. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Here, Chergi has not alleged that any of his Gwinnett County sentences exceeded the statutory maximum. Rather, he challenges his Douglas County sentences, which were not part of the Gwinnett County case. Thus, Chergi has not raised a valid-void-sentence argument with regard to his Gwinnett County sentences.

Regardless, Chergi finished serving his prison sentence in the Gwinnett County. Consequently, any challenges he may have to his Gwinnett County sentence are now moot. See *Jayko v. State*, 335 Ga. App. 684, 686 (782 SE2d 788) (2016) (dismissing as moot appellate challenge to sentence because the entire sentence had been served); accord *Jones v. Caldwell*, 231 Ga. 300, 300 (201 SE2d 478) (1973). "Mootness is a jurisdictional matter. When the remedy sought in litigation no longer benefits the party seeking it, the case is moot and must be dismissed." *Jayko*, 335 Ga.

App. at 685 (citation and punctuation omitted).[1]

As to the order denying his petition for writ of mandamus, that appeal is also moot. The trial court has provided the records and transcripts with these appeals. "An appeal becomes moot if the rights insisted upon could not be enforced by a judicial determination." *Randolph County v. Johnson*, 282 Ga. 160 (1) (646 SE2d 261) (2007) When the questions presented on appeal have become moot, the appeal is subject to dismissal. See OCGA § 5-6-48 (b) (3).

For these reasons, these appeals are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   07/31/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ , *Clerk.*

---

[1] With regard to the motion to set aside under OCGA § 9-11-60, "[i]t has been held many times that a motion to set aside a judgment is inappropriate in a criminal case." *Lacey v. State*, 253 Ga. 711, 711 (324 SE2d 471) (1985). Furthermore, an indigent defendant who has filed a motion to vacate a void sentence is not entitled to counsel. *Pierce v. State*, 289 Ga. 893, 894 (1) (717 SE2d 202) (2011).