## S90A0144. THE STATE v. SIMMONS.
(390 SE2d 43)

BELL, Justice.

The state appeals from an order of the trial court suppressing a statement made by the appellee, Dwight L. Simmons. Simmons made the statement at a first-appearance hearing, see Uniform Rules for the Magistrate Courts (URMC) 13.1, at which he was not represented by counsel. The only issue on appeal is whether Simmons had a Sixth Amendment right to have counsel present at the first-appearance hearing. We find Simmons did not have such a right, and we therefore reverse the trial court's ruling.

Following Simmons' arrest for the murder of his aunt and uncle, he made four statements to the police. After a pre-trial *Jackson-Denno* hearing, the trial court ruled that the first two statements were admissible, but that the third and fourth statements were not. The state has appealed the ruling suppressing the fourth statement. The first two statements are not relevant here and will not be discussed.

During the course of the custodial interrogation that resulted in Simmons' third statement, Simmons stated that he wanted to see a lawyer. The officers conducting the interrogation stopped questioning Simmons, and about an hour later the officers took Simmons before a magistrate for a first-appearance hearing, URMC 13.1.

URMC 13.1 is entitled "Initial Appearance Hearing," and requires the judicial officer, inter alia, to inform the accused of the charges; inform the accused that he has the right to remain silent; determine whether the accused desires and is in need of an appointed attorney; inform the accused of his right to a pre-indictment probable-cause hearing; schedule a hearing, if authorized and if requested by the defendant; inform the accused that he has a right to grand-jury indictment in felony cases and the right to trial by jury; inform the accused that if he desires to waive these rights and plead guilty, he shall so notify the judge or the law officer having custody; and set the amount of bail or inform the accused that the offense is one bailable only by a superior court judge.

In the instant case, while the magistrate was informing Simmons of his right to remain silent and his right to an attorney, Simmons volunteered, "I'm guilty. I'm guilty." After Simmons stated that he was guilty, the magistrate stopped the first-appearance hearing. The form used by the magistrate as a guide during the hearing included the eight items set forth in Rule 13.1.

The trial court ruled the statement made in magistrate court inadmissible, holding that

even though the defendant made a spontaneous statement, it

was made in the context of a hearing at which he was without counsel after having requested counsel, and the same should be suppressed.

We disagree that the statement must be suppressed.

The decisive issue is whether Simmons was entitled, under the Sixth Amendment, to be represented by an attorney at the first-appearance hearing.[1] If he was not so entitled, the statement he made at the hearing should not have been suppressed.

We begin by noting the trial court attached special significance to Simmons' request for counsel. However, the Sixth-Amendment right to counsel does not depend upon a request by the defendant. *Michigan v. Jackson*, 475 U. S. 625, 633, fn. 6 (106 SC 1404, 89 LE2d 631) (1986); *Brewer v. Williams*, 430 U. S. 387, 404 (97 SC 1232, 51 LE2d 424) (1977); *Roper v. State*, 258 Ga. 847, 849, fn. 2 (375 SE2d 600) (1989). Although a request for counsel is an important fact if questions arise concerning whether a defendant has waived his right to counsel, *Michigan v. Jackson*, supra, 475 U. S. at 633, fn. 6; *Roper v. State*, supra, 258 Ga. at 849, fn. 2, no such issue is present in this case.

We now turn to an analysis of when a defendant is entitled to the presence of counsel based on the Sixth Amendment. The U. S. Supreme Court has held that

> a person is entitled to the help of a lawyer at or after the time that judicial proceedings have been initiated against him — "whether by way of formal charge, preliminary hearing, indictment, information or arraignment." [*Brewer v. Williams*, 430 U. S., supra at 398.]

Accord *United States v. Gouveia*, 467 U. S. 180, 187-189 (104 SC 2292, 81 LE2d 146) (1984). Once judicial proceedings have been initiated, the Sixth Amendment attaches and the accused is entitled to the representation of an attorney at all critical stages thereafter. *Michigan v. Jackson*, 475 U. S., supra at 629-630; *LaFave & Israel*, Criminal Procedure, Vol. 2, § 11.2 (b), p. 20 (1984); *Gilmore v. Armontrout*, 861 F2d 1061, 1069-1071 (6) (8th Cir. 1988). The Supreme Court has identified as critical stages those pre-trial procedures that would impair an accused's defense on the merits if the accused is required to proceed without counsel. *Coleman v. Alabama*,

---

[1] Because Simmons was not interrogated at the first-appearance hearing and made a spontaneous statement, no question arises concerning a violation of Simmons' Fifth Amendment right to counsel. See *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981).

399 U. S. 1 (90 SC 1999, 26 LE2d 387) (1970).

In the instant case the state relies on *Ross v. State*, 254 Ga. 22, 26-27 (326 SE2d 194) (1985), to argue that adversary judicial proceedings had not been initiated against Simmons at the time he made his statement.[2] However, we need not determine in this case whether the first-appearance hearing signaled the beginning of adversary judicial proceedings, as we conclude that the first-appearance hearing in this case was not a critical stage of the proceedings.

The Ninth Circuit Court of Appeals has held that an accused's initial appearance before a federal magistrate does not constitute a critical stage of the prosecution.

> An initial appearance before a magistrate at which the indictment is read, the name of the defendant asked, the defendant is apprised of his *Miranda* rights, and counsel is appointed lacks the adversary character of later proceedings. Nothing at this stage of the proceedings . . . impairs the defense of the accused and therefore there is no constitutional right for counsel to be present. [*United States v. Perez*, 776 F2d 797, 800 (9th Cir. 1985).]

We agree with the Ninth Circuit's assessment and further note that, in this case, the magistrate had no authority to set bond, see OCGA § 17-6-1 (a), or take a guilty plea, see 1983 Georgia Constitution, Art. VI, Sec. IV, Par. I; Art. VI, Sec. III, Par. I; OCGA § 15-10-2. For these reasons, we conclude that Simmons' first-appearance hearing was not a critical stage of Simmons' prosecution. Moreover, as was stated in *Perez*, supra, 776 F2d at 800, "[t]o require that counsel be appointed before the judge asks routine questions such as the defendant's name and financial ability would be self-defeating."

For the foregoing reasons, we conclude that Simmons was not entitled to the presence of counsel at the first-appearance hearing, and that the trial court erred in suppressing the statement Simmons made at that hearing.

*Judgment reversed. All the Justices concur, except Smith, P. J., who concurs in the judgment only.*

DECIDED APRIL 12, 1990.

*Edward D. Lukemire, District Attorney, Robert E. Turner, Assistant District Attorney,* for appellant.

*Herbert L. Wells, Terry T. Everett, Sonya J. Calhoun,* for appel-

---

[2] But see generally *LaFave & Israel*, Criminal Procedure, Vol. 1, § 6.4 (e), supp. 1989, pp. 68-69, fn. 70.1.

lee.

*Michael J. Bowers, Attorney General, Andrew S. Ree,* amicus curiae.