## S91A0875. CANSLER v. THE STATE.
(409 SE2d 504)

CLARKE, Chief Justice.

Appellant and his wife were arrested for the armed robbery and murder of Byron Jones. Appellant was convicted of murder and armed robbery and received two consecutive life sentences.[1] He claims that he was questioned through the night following his arrest July 22. Conceding that he was read his *Miranda* rights, he says that he never signed a written waiver of attorney and in fact requested an attorney. Detectives left him briefly alone with his wife and afterwards told him that telling the truth could not hurt him. Appellant made two incriminatory statements and was booked at about 7:00 a.m. July 23, 1988. Appellant requested an attorney in writing at an appearance in magistrate court after 7:00 p.m. that evening. He was interrogated again on July 26 and admitted the murder and robbery.

At trial appellant's attorney moved to suppress all three statements. He raised the issue of voluntariness under the Fifth Amendment, and the court raised OCGA § 24-3-50. A hearing was held and the statements were admitted. On motion for new trial, appellant's new attorney raised ineffective assistance of counsel. The primary basis for his claim of ineffective assistance is that his trial counsel failed to raise a Sixth Amendment objection to the third statement in which he admitted the murder and robbery.

1. Reviewing the evidence in the light most favorable to the jury's verdict, we hold that a rational trier of fact could have found appellant guilty of the crime for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's first enumeration of error is that the trial court erred in failing to suppress appellant's statements in that they were obtained in violation of OCGA § 24-3-50, the Fifth Amendment, and *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). He contends that the statements were not voluntary because he was told that the truth could not hurt him. He also argues that he was experiencing withdrawal during questioning.

In *McKenzie v. State*, 187 Ga. App. 840 (371 SE2d 869) (1988),

---

[1] The crime was committed February 25, 1988. Appellant was indicted January 24, 1989. He was tried by a jury and convicted of malice and felony murder and armed robbery February 3, 1989, and sentenced to two consecutive life sentences March 10, 1989. Trial counsel filed a motion for new trial March 22, 1989. Appellant's present attorney, appointed to represent him on appeal, filed an amended motion for new trial alleging ineffective assistance of counsel October 24, 1989. A second amendment was filed November 3, 1989. The trial court held an evidentiary hearing on this issue and denied the motion for new trial February 14, 1991. A notice of appeal was filed March 13, 1991, and the transcript was certified March 27, 1991. The appeal was docketed in this court March 29, 1991 and argued June 3, 1991.

the court held a confession obtained after a similar statement by police was voluntary in that the police did not hold out hope of benefit or gain in exchange for a confession. See also *Cooper v. State*, 256 Ga. 234 (347 SE2d 553) (1986). *Foster v. State*, 258 Ga. 736 (374 SE2d 188) (1988), relied upon by appellant, concerned a prisoner who was assured over and over again that repeating his confession on videotape would not hurt him. That case is not applicable here. There was no error in the admission of these two statements.

3. After the first two statements were made, the appellant was taken before a magistrate for a first appearance hearing. The magistrate testified at appellant's motion for new trial that appellant requested an attorney. The magistrate granted a continuance so that appellant could be represented by an attorney. This occurred July 23. On July 26 Detective Kelhofer interviewed appellant and obtained a confession.

Police may not initiate interrogation of a prisoner who has requested an attorney until an attorney has been made available to him. *Michigan v. Jackson*, 475 U. S. 625 (106 SC 1404, 89 LE2d 631) (1986); *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). Furthermore, this protection does not cease simply because the prisoner has consulted an attorney. *Minnick v. Mississippi*, ____ U. S. ____ (111 SC 486, 112 LE2d 489) (1990); *Roper v. State*, 258 Ga. 847 (375 SE2d 600) (1989). Where a prisoner invokes the right of counsel and does not limit that request in any way, there is a presumption that the request includes any critical stage in the proceedings, including interrogation. Cf. *Roper*, supra. Therefore, the questioning of this appellant outside the presence of counsel was justified only if the appellant initiated the conversation. We must decide this question.

In the order denying the motion for new trial, the court found that (1) appellant initiated contact with the detective; (2) the detective did not know of the request for an attorney by appellant in his appearance before the magistrate; (3) appellant consistently denied making the statement. Knowledge of an appellant's invocation of the right to counsel by any of the state's agents is imputed to all others. *Roper v. State*, supra. Therefore, whether or not the detective knew of the request for an attorney is not dispositive. We are not persuaded that appellant's later denial of the statement refutes the contention that the detective initiated the interrogation. The trial court also apparently found credible the testimony of the detective that appellant initiated the interrogation because the court cites to specific portions of testimony. However, the testimony of the detective at the pages referred to in the order denying new trial indicates that the conduct which could be construed as initiating contact occurred *before* the first appearance hearing at which appellant unequivocally requested

an attorney. Because the initiation of a contact does not survive a subsequent invocation of the right to counsel, the third statement is inadmissible.

In support of its argument that appellant waived his Fifth Amendment rights in connection with the third statement, the state relies upon testimony of Detective Kelhofer and appellant. Detective Kelhofer testified that appellant said he had consulted an attorney who had advised him that he could talk with detectives but that he should not sign anything. Appellant said that when he invoked his right to counsel, questioning stopped. We are not persuaded by the state's argument, which does not address the fundamental issue: whether appellant initiated the contact with the detective after he clearly invoked his right to counsel at the first appearance hearing. We find that the court erred in failing to grant a new trial.

4. In his second enumeration of error, appellant contends that his constitutional rights were violated in that the third statement was taken after his right to counsel under the Sixth Amendment attached. He also alleges ineffective assistance of counsel for the failure of trial counsel to make a clear Sixth Amendment claim. The state contends that appellant has waived his right to raise the right to counsel issue since it was not raised at the *Jackson-Denno* hearing and no specific findings were made on that issue. The state further argues that in *State v. Simmons*, 260 Ga. 92 (390 SE2d 43) (1990), this court found that the defendant's Sixth Amendment right to counsel was not triggered by a first appearance hearing, holding that the only question is whether his Fifth Amendment right to counsel under *Miranda* was violated.

No issue is raised concerning appellant's right to counsel at the first appearance hearing. Since we have found that appellant had a *Fifth Amendment* right to counsel during subsequent interrogation by virtue of his having asked for counsel at the first appearance hearing, we need not deal further with the question of a *Sixth Amendment* right to counsel.

5. Because the other errors raised by appellant are not likely to recur on retrial, we need not deal with them here.

*Judgment reversed. All the Justices concur.*

On Motion for Reconsideration.

On motion for reconsideration the state argues that this court should not have considered testimony of the magistrate at the motion for new trial hearing concerning the request for counsel at the first appearance hearing because this testimony was not presented at trial. Appellant did testify at trial that he requested an attorney at the first appearance hearing before the magistrate and that the magistrate

granted a continuance.

There was no objection to the testimony of the magistrate at the motion for new trial, and this testimony was available for the court to consider in deciding the motion. It is also available for this court in considering whether the trial court erred in denying the motion for new trial.

At the hearing on the motion for new trial the state objected to the introduction of the written request for counsel form on the basis that it was already part of the record. In response to a question from the court, the state made the following stipulation as formulated by the court: "[A]t his preliminary hearing, his original preliminary hearing, there was a continuance and he requested a continuance and at that time checked the space which asked that an attorney be appointed for him." The state cannot now be heard to complain that this court improperly considered evidence of the appellant's having requested counsel at the first appearance hearing.

DECIDED OCTOBER 18, 1991 —
RECONSIDERATION DENIED NOVEMBER 19, 1991.

*Susan B. Ellis,* for appellant.

*Robert E. Wilson, District Attorney, Nelly F. Withers, Desiree S. Peagler, Assistant District Attorneys, Michael J. Bowers, Attorney General, Thomas A. Cox, Jr.,* for appellee.