## A92A0974. CAMPBELL v. THE STATE.
### (426 SE2d 45)

POPE, Judge.

Defendant James Martin Campbell appeals his conviction of four counts of armed robbery and one count of theft by taking resulting from robberies on August 8, 1990 and August 9, 1990. His motion for new trial was denied.

Construing the evidence in the light most favorable to support the verdict, the evidence showed that on August 8, 1990, Lisa Pike, Tina Smith and Ken Fincher were robbed at knifepoint between 10:30 and 11:00 p.m. at a car dealership on Highway 41 in Cobb County. The robber then drove away in the car of one of the victims. On August 9, 1990, around 11:00 p.m. Barbara Burge was robbed by a man armed with "what looked like an ice pick" at an automatic teller machine on Highway 41 in Cobb County.

Defendant became a suspect in both robberies and was arrested. Shortly after his arrest, Mr. Fincher and Ms. Pike identified the defendant in a photographic lineup as the robber. The victim from the second robbery identified defendant as the robber in a physical lineup. All of the victims subsequently identified the defendant as the robber during in-court identifications.

1. Defendant's first enumeration of error is that the trial court erred in denying his motion to suppress the identification evidence of the photographic and physical lineups as well as the in-court identifications.

(a) Defendant argues that his Sixth Amendment right to counsel was denied because he was denied counsel at his pre-indictment physical lineup. This enumeration of error is without merit. "An accused is not entitled as a matter of right to counsel at a lineup conducted after arrest but prior to indictment. *Kirby v. Illinois*, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) [(1972)]. The right to counsel attaches only after the onset of formal prosecutorial proceedings. [Cit.]" *Campbell v. State*, 147 Ga. App. 554 (249 SE2d 356) (1978). See also *Davis v. State*, 176 Ga. App. 650 (337 SE2d 431) (1985). Defendant argues, however, that prosecutorial proceedings had begun against him because he had already appeared at an initial hearing before a magistrate who denied bond, that this hearing was a prosecutorial proceeding against him, and therefore he was entitled to counsel at all critical stages thereafter. See *State v. Simmons*, 260 Ga. 92 (390 SE2d 43) (1990). We disagree. As stated in *Simmons*, " 'An initial appearance before a magistrate at which the indictment is read, the name of the defendant asked, the defendant is apprised of his *Miranda* rights, and counsel is appointed lacks the adversary character of later proceedings. Nothing at this stage of the proceedings . . . impairs the defense of the accused and therefore there is no constitutional right for

counsel to be present.' (*United States v. Perez*, 776 F2d 797, 800 (9th Cir. 1985).) We agree with the Ninth Circuit's assessment and further note that, in this case, the magistrate had no authority to set bond, see OCGA § 17-6-1 (a). . . ." *State v. Simmons*, 260 Ga. at 94. Pursuant to OCGA § 17-6-1, certain offenses, including armed robbery, are "bailable only before a judge of the superior court," not a magistrate; therefore, in this case, as in *Simmons*, the magistrate had no authority to set bond for the defendant. Accordingly, no bond was set. Adversarial proceedings had not begun against the defendant, and his right to counsel had not attached at the time of his pre-indictment physical lineup.

(b) Defendant also argues the photographic lineup was impermissibly suggestive because the dates on which the photos were taken were allegedly visible to the witnesses, and the date on defendant's photograph was eight to ten years more recent than the other photographs in the lineup. The record contains no evidence that the witnesses actually saw the dates on the photographs. The photographic array was presented so that the dates were blocked from view. In order for the witnesses to view the dates, they would have had to manipulate, with some difficulty, the folder which covered the dates, and the record contains no evidence that either witness did this. Also, the date on the defendant's photograph is cut off; therefore, even if the witnesses managed to see the dates, they would not have known that the defendant's picture was taken more recently than the other photographs. "The photograph of the [defendant] is not unduly dissimilar from the other five photographs so that the lineup would have been improperly suggestive." *Jenkins v. State*, 146 Ga. App. 458, 460 (4) (246 SE2d 466) (1978). The trial judge did not err in denying defendant's motion to suppress the evidence of the photographic lineup; therefore this enumeration is without merit.

Defendant also argues that the in-court identifications were tainted because a police officer told the two witnesses who made the photographic identification that they had chosen the "right person" after they identified the defendant in a photographic lineup. "It is not a good practice to indicate to a witness that he has chosen the 'right' person as it could lead to an improper tainting of a subsequent in-court identification in a questionable case. However, whether a subsequent in-court identification is tainted depends on all the circumstances of each case." *Dodd v. State*, 236 Ga. 572, 573 (224 SE2d 408) (1976). In this case, the witnesses "had opportunity to view the criminal at the time of the crime, considering both the amounts of time involved and light available." *Heyward v. State*, 236 Ga. 526, 529 (1) (224 SE2d 383) (1976). The two witnesses who made the photographic identification of defendant testified that the car dealership was well-lighted, that they were only eight to ten feet away from the robber,

that his identity was not concealed, and that their attention was focused on the robber. Each gave descriptions of the robber the day after the robbery; these descriptions were consistent and matched the description of the defendant. They were positive about their photographic and in-court identifications of defendant. Given the totality of the circumstances in this case, the trial court did not err in denying defendant's motion to suppress the identification evidence.

2. Defendant also argues the trial court erred by refusing to sever Counts 1 through 4, arising from the robbery on August 8, 1990, from Counts 5 and 6 (defendant was acquitted on Count 6), arising from the robbery on August 9, 1990. "Joinder of separate offenses in a single indictment is permitted where they (a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan. (Cit.) . . . (W)henever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character, the defendant *shall* have a right to a severance of the offenses. (Cit.) In other circumstances, the trial court has the discretion to grant a severance where it is deemed necessary or appropriate to achieve a fair determination of the defendant's guilt or innocence of each offense. . . ." (Punctuation omitted.) *Eady v. State*, 182 Ga. App. 293, 296 (355 SE2d 778) (1987). See also *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975). The facts in this case indicate the offenses were based on, as stated in *Eady*, "a series of acts connected together or constituting parts of a single scheme or plan." (Punctuation omitted.) These "armed robberies were related in time, manner [and] general location. . . ." *Evans v. State*, 188 Ga. App. 379 (373 SE2d 70) (1988). The robberies took place on consecutive nights at the same time of night within a few miles of each other on Highway 41 and near defendant's residence. The robber used a stabbing weapon and threatened to kill the victims. In both cases, the robber did not attempt to hide his identity and was subsequently identified as the defendant in both robberies. In both cases, the robber left in a stolen car. These robberies were not merely similar, but evidenced a common plan or scheme. See, e.g., *Parks v. State*, 199 Ga. App. 736 (406 SE2d 229) (1991); *Evans v. State*, supra; *Eady v. State*, supra. "Moreover, the offenses charged were not so numerous or the evidence so complex that, prior to trial, the court could find that the trier of fact would be unable to distinguish the evidence and apply the law intelligently as to each offense." *Eady v. State*, 182 Ga. App. at 296. The trial court did not abuse its discretion in refusing to sever the counts; therefore, this enumeration is without merit.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 24, 1992.

*Richard O. Allen*, for appellant.

*Thomas J. Charron, District Attorney, Don T. Phillips, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.