A93A0480. MUNN v. THE STATE.
(431 SE2d 447)

BIRDSONG, Presiding Judge.

Lamar Munn appeals his judgment of conviction of armed robbery, aggravated assault and kidnapping, and sentence. *Held*:

1. The jury was asked if they were related to or knew the named victim in any way, and none in the array responded affirmatively; the jury subsequently was selected. On the second day of trial a juror reported that although she had not known the victim's name, she recognized her when the victim entered the courtroom. The juror had worked with the symphony two or three years earlier and, although she had not spoken with the victim to arrange ticket sales, she had picked up blocks of symphony tickets from her. The juror had no other contact with and had not seen the victim since that event; the juror had not been to the Arts Center in two years. On voir dire the juror unequivocally maintained her ability to act objectively and to render a verdict based on the evidence and court instructions. The trial court declined appellant's request to replace the juror with the alternate juror (compare *Stokes v. State*, 204 Ga. App. 141 (418 SE2d 419)). Appellant makes no claim the juror should have been excused for cause, or that the juror deliberately withheld information regarding her acquaintance with the victim; however, appellant maintains he was denied his right to use peremptory challenges "intelligently." The juror did not engage in any form of jury misconduct. When she failed to respond to the initial question regarding knowledge of the victim, it was because she was unaware of such knowledge; when she subsequently discovered her prior passing acquaintanceship with the victim, she immediately reported it. Compare *Gainesville Radiology Group v. Hummel*, 263 Ga. 91 (428 SE2d 786).

No presumption of prejudice exists in these circumstances; no irregularity or impropriety is involved in this juror's conduct. Notwithstanding appellant's belated claim of impairment to exercise peremptory challenges intelligently, under the circumstances the trial court did not err. *McLamb v. State*, 176 Ga. App. 727 (3) (337 SE2d 360); cf. *Poole v. State*, 262 Ga. 668, 670 (2) (424 SE2d 275); *Jones v. State*, 247 Ga. 268, 270 (2b) (275 SE2d 67). The trial court did not abuse its discretion in determining the juror's impartiality. Cf. *Jones*, supra at 270-271 (2b).

2. Appellant asserts the trial court erred in allowing in evidence the verdict from a previous trial, as it would tend to diminish the jury's sense of responsibility as to its verdict and violate his fair trial

right. These contentions are without merit. The documents in question (State's Exhibit 20) provided circumstantial evidence of appellant's prior commission of an offense of armed robbery, and were relevant to appellant's identity as the perpetrator of a similar transaction (see *Williams v. State*, 261 Ga. 640, 643 (2d) (409 SE2d 649)). "[I]f evidence is duly admissible under any legitimate theory, it should be admitted even though it does not qualify for admission under one or more other evidentiary theories . . . evidence should be admitted if it is admissible for any legitimate purpose." *Boatright v. State*, 192 Ga. App. 112, 116 (6) (385 SE2d 298). See *Norman v. State*, 197 Ga. App. 333, 337 (4) (398 SE2d 395). The trial court did not abuse its discretion in admitting State's Exhibit 20; *Boatright*, supra.

3. The trial court did not abuse its discretion in finding the two offenses similar within the meaning of *Williams v. State*, supra. Compare *Maggard v. State*, 259 Ga. 291 (380 SE2d 259). Both rapes involved appellant's approaching either a female stranger or a mere acquaintance in the early afternoon in a conspicuous (public) place, removing the victim to a relatively secluded spot by automobile, exiting the car on both occasions (in the prior case to get a knife; in the case at bar to raise the car hood) and employing either an approximately eight-inch kitchen knife or a long knife ("maybe" a kitchen knife) during the course of the rape in the prior case and the aggravated assault with intent to rape in the case at bar. Further, the passage of fourteen years from the date of the prior rape did not preclude the trial court from finding the two offenses sufficiently similar. Compare *Gilstrap v. State*, 261 Ga. 798, 799 (1b) (410 SE2d 423) with *Cooper v. State*, 173 Ga. App. 254, 255 (325 SE2d 877).

4. In the prior armed robbery in 1985, appellant approached a female stranger in the afternoon whose car had broken down, got into her automobile, pulled a "huge" knife (larger than a kitchen knife), and demanded the victim's money. He implicitly threatened the victim by stating that she had better not be lying to him as to whether she had more money, looked through her wallet, and jumped out of the car and discarded the wallet when the policeman who had been assisting her returned. In the case at bar, appellant approached the female stranger in the underground parking area, threatened her with an eight-inch kitchen knife, demanded her money (whereupon the victim gave her wallet to him), threatened the victim implicitly by stating that there had better be money in the wallet, dragged her to her car, searched her wallet, announced his desire to engage in sexual release, and forced the victim to drive to a secluded area where she escaped. The prior robbery was sufficiently similar under *Williams*, supra. Compare *Maggard*, supra. The six-year time lapse did not render the prior offense inadmissible. Compare *Gilstrap*, supra, with *Cooper*, supra.

5. On appeal, citing *Moore v. Illinois*, 434 U. S. 220, 226 (98 SC 458, 54 LE2d 424), appellant asserts a Sixth Amendment violation claiming he was denied the right to counsel by being compelled to be in a physical lineup without his counsel being present.

(a) Appellant does not argue or cite legal authority to establish that the physical lineup was conducted in an impermissible suggestive manner, or assert any other errors in the execution thereof; thus, such other issues have been abandoned. Court of Appeals Rule 15 (c) (2).

(b) The trial court found as fact that appellant was informed in advance of the time and place of the lineup, could make phone calls, and could have called his attorney as he knew who the attorney was. As these findings of *disputed* fact were not clearly erroneous, we accept them on appeal. See *State v. Davis*, 261 Ga. 225, 226 (404 SE2d 100).

(c) The physical lineup was conducted before appellant was indicted and before evidence was taken at a preliminary hearing; *Moore*, supra, is distinguishable as that identification occurred, without counsel, at the preliminary hearing. As a general rule, "[n]o federal constitutional right to counsel exists at a pre-indictment lineup." *Phillips v. State*, 204 Ga. App. 698, 700 (1) (420 SE2d 316); see *Campbell v. State*, 206 Ga. App. 456 (1a) (426 SE2d 45); *Evans v. State*, 201 Ga. App. 20, 26 (3) (410 SE2d 146). Assuming without deciding the prosecutor was aware a lineup would be conducted, the record reflects it was conducted by the police; there exists no evidence of the prosecutor's presence at or participation in any manner in the lineup. Nor does the record reveal the prosecutor contrived to delay the preliminary inquiry to enable the police to conduct a lineup to circumvent a vesting of appellant's right to counsel. Moreover, the record shows the police independently assumed responsibility for and conducted the lineup. It is contested whether appellant was allowed to assist in the selection of lineup participants. Under the circumstances, appellant's contention of denial of his right to counsel under the Sixth Amendment thereby necessitating suppression of the pretrial identification by the victim is without merit. Compare *Campbell*, supra; *Phillips*, supra; *Evans*, supra; and *Wilson v. State*, 181 Ga. App. 435, 436 (2) (352 SE2d 618) with *McGee v. W. J., Jr.*, 632 F2d 476 (5th Cir.) and *McGee v. W. J., Jr.*, 625 F2d 1206 (5th Cir.).

(d) The victim made an in-court identification of appellant. Even if taint had occurred in pretrial identification at the physical lineup, a witness' in-court identification may be admitted if it has "independent origin." *Martin v. State*, 193 Ga. App. 581, 583 (1) (388 SE2d 420); *Brown v. State*, 192 Ga. App. 187 (1) (384 SE2d 254). The victim had a substantial period of time in daylight hours to view her attacker and was within two or three feet of him in the car; she clearly and in detail recounted the sequence of events occurring dur-

ing the attack; she maintained presence of mind to seize an opportunity to escape; and she expressed neither uncertainty nor qualification as to her in-court identification. The in-court identification was of "independent origin."

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED MAY 20, 1993.

*J. Robert Joiner,* for appellant.
*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Assistant District Attorney,* for appellee.