A95A1722. WEST v. THE STATE.
(461 SE2d 300)

BIRDSONG, Presiding Judge.

Charles A. West appeals his conviction of burglary; he enumerates two errors. *Held:*

1. Appellant asserts the trial court erred in allowing the burglary victim to identify him as the perpetrator when previously she had failed to identify him from a photo spread. In determining whether the trial court erred in denying the motion to suppress identification testimony, this court may consider evidence adduced at trial as well as evidence adduced at any pretrial hearing on the motion. *Davis v. State*, 216 Ga. App. 580, 581 (1) (455 SE2d 115).

The fact that the victim failed to identify appellant in a prior photo spread or photo line-up raises merely an issue of the weight to be given the identification by the jury and does not per se render the subsequent in-court identification inadmissible. "[A] witness' failure to make a pretrial identification of the accused is not grounds for striking a subsequent in-court identification. A line-up identification, or identification from a group of photographs, is not a prerequisite to every in-court identification." (Citations and punctuation omitted.) *Ralston v. State*, 251 Ga. 682, 684 (2) (309 SE2d 135). In-court constitutional safeguards and trial procedures provide adequate protection to an appellant for testing and impeaching the accuracy of an in-court identification, under the circumstances here attendant. Compare *Ralston*, supra.

Additionally, there exists evidence in the record from which it can be concluded that even if an inherently suggestive pretrial identification had resulted, the subsequent in-court identification would have had an "independent origin" therefrom. See generally *Munn v. State*, 208 Ga. App. 674, 676 (5) (d) (431 SE2d 447). "[T]he fact that a witness may have only a ' "fleeting" opportunity to observe' a perpetrator at the crime scene does not per se render the in-court identification inadmissible." *Brown v. State*, 192 Ga. App. 187, 189 (1) (384 SE2d 254); accord *Phillips v. State*, 204 Ga. App. 698, 702 (2) (420 SE2d 316); *Munn v. State*, supra. The burglary occurred at about 11:30 or 11:35 a.m. on August 30, 1994. The victim testified she had been sleeping and awoke to see appellant standing at her bedroom door; he was turned a little to the side. He had his right hand on her doorknob and was carrying something long in his hand — something long like a tire iron or long screwdriver. He was holding the tool down at his side at waist level. He was of medium build and had a receding hairline; he had about a three-day growth of facial hair; he needed to shave. The room was dark but not pitch dark. However, there was a light behind appellant coming from the back door window of the trailer; it was "sort of like a glow behind him." The victim screamed,

and appellant shut the door and ran through the house. The victim wrapped herself in a towel and fled the trailer; she noticed that the trailer front door was bent where the chain lock had been removed and the metal trailer door had pry marks on it. The victim admitted that she had been unable to identify her assailant from a prior photo spread. The victim made an in-court identification of appellant as her assailant; she made this identification based on appellant's build, shape, head and hair. She admitted that she had not seen appellant's face, but saw "the face hair, the receding hairline, [and] the flat forehead." When considering the totality of the circumstances, the record establishes that the victim's in-court identification of appellant would have had such an "independent origin" as to render such testimony admissible in any event. *Munn, supra.*

For each of the above reasons, the trial court did not err in admitting the in-court identification testimony of the victim.

2. Appellant contends the trial court erred when it failed to grant a directed verdict of acquittal on behalf of appellant. As a general rule, a motion for directed verdict in a criminal case should be granted only where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. *Taylor v. State*, 252 Ga. 125 (1) (312 SE2d 311). However, the proper test when sufficiency of the evidence is challenged by a motion for directed verdict of acquittal is the "reasonable doubt" test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Daras v. State*, 201 Ga. App. 512 (1) (411 SE2d 367). A reviewing court can consider all the evidence in the case in determining whether the trial court erred in overruling the motion. *Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743).

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which he was convicted. *Jackson v. Virginia, supra.* Applying both of the above-discussed directed verdict tests, we find that the trial court did not err in denying appellant's motion for directed verdict of acquittal.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED AUGUST 14, 1995.

*James C. Wyatt*, for appellant.

*Stephen F. Lanier, District Attorney, Leigh E. Patterson, Assistant District Attorney*, for appellee.