## S04A1227. O'KELLEY v. THE STATE.
(604 SE2d 509)

HUNSTEIN, Justice.

This Court granted interim review in the pending death penalty prosecution of Dorian Frank O'Kelley and directed the parties to address the following question:

> Whether appellant's indicating, at an initial appearance before a magistrate judge, his desire to have an attorney represent him renders his subsequent statement to an interrogator inadmissible at trial.

For the reasons set forth below, we answer this question in the affirmative and, accordingly, reverse the judgment of the trial court refusing to suppress the statement in question.

1. On April 12, 2002, O'Kelley was arrested with a warrant on several of the charges now pending against him. He was interviewed twice that day; however, none of the statements he made in those first two interviews are in dispute. Later that same day, O'Kelley was taken before a magistrate judge in a jailhouse courtroom. No prosecutor or defense counsel was present, no testimony or evidence was presented, and O'Kelley was informed that he was not to enter a plea. When asked, O'Kelley indicated his desire for a court-appointed attorney. A form listing the allegations against O'Kelley (which now included the murders), his desire for court-appointed counsel, the fact that bail could only be set by a superior court judge, and the

magistrate's setting of a hearing for two days later was then signed by the magistrate, by O'Kelley, and by a detective who was present at the proceeding.

On April 14, 2002, two detectives, including the detective who had been present at the proceeding before the magistrate judge, initiated further questioning of O'Kelley. O'Kelley argues that the statement made during this final interrogation should be suppressed because it was received in violation of his Sixth Amendment right to the assistance of counsel in criminal proceedings and in violation of his Fifth Amendment right to have counsel present during interrogation.

2. The United States Supreme Court has held as follows:

> Whatever else it may mean, the right to counsel granted by the Sixth and Fourteenth Amendments means at least that a person is entitled to the help of a lawyer at or after the time that judicial proceedings have been initiated against him — "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment."

*Brewer v. Williams*, 430 U. S. 387, 398 (97 SC 1232, 51 LE2d 424) (1977) (quoting *Kirby v. Illinois*, 406 U. S. 682, 689 (92 SC 1877, 32 LE2d 411) (1972) (plurality opinion)). A review of earlier United States Supreme Court cases suggests that the point at which the Sixth Amendment right to counsel attaches was originally determined by examining whether having counsel present could meaningfully affect the defendant's rights. See, e.g., *Coleman v. Alabama*, 399 U. S. 1, 7-10 (II) (90 SC 1999, 26 LE2d 387) (1970) (addressing a preliminary hearing where evidence was presented); *White v. Maryland*, 373 U. S. 59 (83 SC 1050, 10 LE2d 193) (1963) (addressing a preliminary hearing where the defendant was allowed to plead guilty); *Hamilton v. Alabama*, 368 U. S. 52 (82 SC 157, 7 LE2d 114) (1961) (addressing an arraignment where, under state law, certain defenses could be waived if not raised). However, as the preceding quotation from *Brewer v. Williams* suggests, in determining what triggers the attachment of the Sixth Amendment right to counsel, the case-by-case analysis of whether a defendant's rights could be affected in a particular proceeding has given way to a more simplified analysis based on categories of proceedings, regardless of the critical nature of the proceedings. The United States Supreme Court clearly enunciated such a simplified approach when it held the following:

> The question whether arraignment signals the initiation of adversary judicial proceedings, moreover, is distinct from the question whether the arraignment itself is a critical

stage requiring the presence of counsel, absent a valid waiver.

*Michigan v. Jackson,* 475 U. S. 625, 629-630, n. 3 (106 SC 1404, 89 LE2d 631) (1986).

This Court has previously held that a "first appearance" did not constitute an "adversary judicial proceeding" that triggers the attachment of the Sixth Amendment right to counsel. *Ross v. State,* 254 Ga. 22, 26-27 (3) (b) (326 SE2d 194) (1985). If *Ross* could be considered the last word on the subject, it would be clear that O'Kelley's hearing before the magistrate did not trigger the attachment of the Sixth Amendment right to counsel, because the following was true of both proceedings:

> There was no prosecutor there, and no issues to resolve except to set a date for such a confrontation [with the prosecutor], at which time [the defendant] *would* be represented by an attorney, and to determine if [the defendant] needed the court to appoint an attorney. . . .

Id. at 27.

This Court has repeatedly held since *Ross* that a defendant's completing a form requesting the appointment of counsel does not, in itself, cause the attachment of the Sixth Amendment right to counsel; however, in none of those decisions is it clear whether or not the completing of the form involved the participation of a judge. *Fleming v. State,* 269 Ga. 245, 249 (9) (497 SE2d 211) (1998); *Raulerson v. State,* 268 Ga. 623, 628 (2) (b) (491 SE2d 791) (1997); *Turner v. State,* 267 Ga. 149, 156 (5) (476 SE2d 252) (1996). In one case in which this Court found that the completion of such a form was insufficient to cause the attachment of the Sixth Amendment right to counsel, the Court noted as follows:

> It is apparent that *the form at issue was offered by the police* and completed by appellant as a housekeeping measure. . . .

*State v. Hatcher,* 264 Ga. 556, 558 (448 SE2d 698) (1994). In two other opinions since *Ross* this Court has explicitly declined to address, because it was unnecessary to do so, whether a first-appearance hearing before a magistrate, as contrasted with the out-of-court completion of a form, triggers the attachment of the Sixth Amendment right to counsel. See *Cansler v. State,* 261 Ga. 693 (4) (409 SE2d 504) (1991); *State v. Simmons,* 260 Ga. 92, 94 (390 SE2d 43) (1990). In *Simmons,* this Court noted the State's argument that, under *Ross,* an initial appearance hearing should not be regarded as triggering

the attachment of the Sixth Amendment right to counsel; however, this Court also noted that *Ross* has been called into question in light of *Michigan v. Jackson,* 475 U. S. 625. *Simmons,* 260 Ga. at 93-94, n. 2. In fact, as we noted in *Simmons,* one legal treatise explicitly addresses *Ross* and states that it "appear[s] to be inconsistent with the Supreme Court's more recent analysis in *Jackson. . . .*" 2 LaFave, Israel & King, Criminal Procedure § 6.4 (e), pp. 487-488, n. 75 (2d ed. 1999). Presumably, the treatise takes this view because *Jackson* held, as is discussed above, that the Sixth Amendment right to counsel *attaches* at the beginning of "formal legal proceedings" and that it is not necessary that the "formal legal proceeding" in question be a "critical stage" of the criminal proceedings requiring the actual presence of counsel. *Jackson,* 475 U. S. at 629-630 (3). See also *McNeil v. Wisconsin,* 501 U. S. 171, 181-182 (111 SC 2204, 115 LE2d 158) (1991) ("The Sixth Amendment right to counsel attaches at the first formal proceeding against an accused. . . ."); *Mitzel v. Tate,* 267 F3d 524, 532-533 (6th Cir. 2001); *State v. Carter,* 664 S2d 367, 373, n. 4 (La. 1995). Being now confronted with a case in which an explicit holding on the matter is appropriate, we overrule *Ross* and hold that an initial appearance hearing, although often not a critical stage of a criminal proceeding in its own right requiring the actual presence of a defense attorney, is a formal legal proceeding wherein the Sixth Amendment right to counsel attaches.

Having determined that the Sixth Amendment right to counsel attaches at an initial appearance hearing, we find it prudent to reemphasize the limited effect the attachment has on that hearing. As noted above, the attachment of the right to counsel during critical stages of trial proceedings should not be confused with the right to have counsel actually present at the hearing wherein the defendant's desire for counsel is determined. If, as was true in O'Kelley's case, a defendant chooses to assert his or her Sixth Amendment right to counsel at an initial appearance hearing, it would not be necessary for the magistrate to make defense counsel available immediately. However, the defendant's exercise of the right does suspend the magistrate's power to conduct further proceedings that would constitute critical aspects of the defendant's trial proceedings. In fact, Rule 25.1 (4) of the Uniform Magistrate Court Rules already requires that a pre-indictment commitment hearing be delayed if the defendant states during the initial appearance hearing that he or she wishes to consult with counsel. In summary, once the defendant's wish to exercise his or her Sixth Amendment right to counsel has been determined, the magistrate is limited to conducting scheduling and other "housekeeping" measures and to fulfilling its duty to ensure that counsel is provided prior to the conducting of any critical proceedings.

We now turn to the question of whether O'Kelley's assertion of his Sixth Amendment right to counsel renders his subsequent custodial statement inadmissible. The United States Supreme Court has determined that interrogation is a "critical stage" of a defendant's criminal proceeding to which the Sixth Amendment right to counsel, once that right has attached, applies. *Jackson*, 475 U. S. at 629-630 (II). That Court has also determined that the Sixth Amendment right to counsel, once attached, cannot be waived by the defendant during questioning that is initiated by interrogators. Id. at 636 (III). Because we have determined that O'Kelley's Sixth Amendment right to counsel attached at his initial appearance, because it is uncontested that he asserted that right at his initial appearance, and because the State concedes that he did not subsequently initiate further interrogation, we must conclude that the statement at issue in this appeal is inadmissible.

3. Because we have concluded that the statement at issue must be suppressed based on the violation of O'Kelley's Sixth Amendment right to counsel, we need not address whether that statement was also inadmissible under the Fifth Amendment.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 25, 2004.

*Weiner, Shearouse, Weitz, Greenberg & Shawe, Michael L. Edwards, Zipperer, Lorberbaum & Beauvais, Steven L. Beauvais, Daly, Bowen & Calhoun, Brian L. Daly*, for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.