## A10A0267. THE STATE v. STONE.

(697 SE2d 852)

PHIPPS, Presiding Judge.

After a jury trial in October 2006, Raymond Stone was convicted of several offenses. In his direct appeal from those convictions (hereinafter *Stone I*),[1] he contended that the trial court erred by admitting his custodial statement.[2] Specifically, Stone argued that the statement was obtained in violation of his Sixth Amendment right to counsel.[3] We agreed, based upon the holding of the United States Supreme Court's decision of *Michigan v. Jackson*,[4] and thus reversed Stone's convictions.[5] And because the evidence sufficed to support the convictions, we noted that Stone could be retried.[6] The Supreme Court of Georgia denied the state's petition for certiorari.[7]

About a week after the denial, on May 26, 2009, the United States Supreme Court overruled *Jackson* in *Montejo v. Louisiana*,[8] thereupon changing principles relating to the admissibility of a defendant's pre-trial statement.[9] On June 8, the state filed with the Supreme Court of Georgia a motion for reconsideration.[10] The Supreme Court of Georgia denied that motion, and Stone's case was remitted to the trial court.

---

[1] *Stone v. State*, 296 Ga. App. 305 (674 SE2d 31) (2009).

[2] Id. at 306.

[3] Id.

[4] 475 U. S. 625 (106 SC 1404, 89 LE2d 631) (1986) (holding that the "bright-line rule" of *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981), also applies to a defendant who has been formally charged with a crime and who has requested appointment of counsel, and therefore, if police initiate interrogation after a defendant's assertion, at an arraignment or similar proceeding, of his right to counsel, any waiver of the defendant's right to counsel for the police-initiated interrogation is invalid) (cited in *Stone I*, supra at 306, n. 8, and 308, n. 15).

[5] *Stone I*, supra at 308 ("Because we have determined that Stone's Sixth Amendment right to counsel attached at his initial appearance, and because the uncontested evidence shows that Stone did not initiate the subsequent custodial interrogation, we must conclude that the trial court erroneously admitted the custodial statement at trial.").

[6] *Stone I*, supra at 305; see *Langlands v. State*, 282 Ga. 103, 105 (2) (646 SE2d 253) (2007) (generally, retrial is not barred where reversal of the conviction resulted from trial error rather than evidentiary insufficiency).

[7] *State v. Stone*, 296 Ga. App 905 (2009).

[8] ___ U. S. ___ (129 SC 2079, 173 LE2d 955) (2009).

[9] See *Stinski v. State*, 286 Ga. 839, 873 (61), n. 5 (691 SE2d 854) (2010) (noting that *Jackson* had been recently overruled by *Montejo*, and accordingly disapproving that portion of *O'Kelley v. State*, 278 Ga. 564, 568 (2) (604 SE2d 509) (2004), that was based on *Jackson*, supra, that the Sixth Amendment right to counsel, once attached, cannot be waived by the defendant during questioning initiated by interrogators).

[10] See Supreme Court Rule 27 (providing that a motion for reconsideration may be filed regarding any matter in which the Court has ruled within ten days from the date of decision and that "[t]he Clerk may receive any later motion and deliver it to the Court for direction as to whether it shall be filed").

Citing the change of law articulated by *Montejo*, the state petitioned the trial court to revisit its ruling on the admissibility of Stone's custodial statement for purposes of retrying Stone. The trial court conducted a hearing, at which the parties presented no new evidence, but stipulated to the transcript of the pre-trial hearing concerning the admissibility of Stone's custodial statement underlying *Stone I*. Thereafter, the trial court ruled that the statement could not be used for retrial, elaborating in its order:

> If this Court had the authority to examine the record in light of the standard set forth in *Montejo*, the Court would find that Defendant's statement was admissible. . . . [D]efense counsel argues that . . . the "law of the case" rule applies and therefore this Court is without authority to revisit the admissibility of Defendant's statement. The Court agrees. . . . Unless specifically directed by the Court of Appeals, this Court is without authority to revisit the issue of admissibility of Defendant's statement under the recent standard set forth in *Montejo*.

The state appeals the suppression ruling.[11] We affirm.

The law of the case rule is set forth at OCGA § 9-11-60 (h): "[A]ny *ruling* by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be."[12] "The law of the case doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases."[13] Moreover, in connection with the law of the case rule:

> If the decision of an appellate court thereafter becomes "incorrect" because the law changes — either because of subsequent case law or because of later-enacted statutes — it may not be binding precedent for other situations[, but] between the parties to the original decision it remains binding. Any other practice would result in constant relitigation of issues as the law continually evolves.[14]

---

[11] See OCGA § 5-7-1 (a) (4); *State v. Morrell*, 281 Ga. 152 (2) (635 SE2d 716) (2006) (state has right to appeal from an order granting a motion to suppress a defendant's statement); *State v. Stanfield*, 290 Ga. App. 62, 63 (1) (658 SE2d 837) (2008) (exclusion of defendant's statement on voluntariness grounds is within the scope of OCGA § 5-7-1 (a) (4)).

[12] (Emphasis supplied.)

[13] *Langlands*, supra at 104 (2) (citation and punctuation omitted).

[14] *Fulton-DeKalb Hosp. Auth. v. Walker*, 216 Ga. App. 786, 787 (1) (456 SE2d 97) (1995) (citations omitted); see *Walden v. Nichols*, 204 Ga. 532, 534 (2) (50 SE2d 105) (1948) ("A decision by the Supreme Court is controlling upon the judge of the trial court, as well as upon

YALE LAW LIBRARY

The relevant circumstances that led to Stone making the custodial statement are aptly set forth in *Stone I* and need not be restated. But of particular significance in this appeal is that in *Stone I*, we explicitly determined that the custodial statement at issue had been procured in violation of Stone's Sixth Amendment right to counsel.[15] Such determination in *Stone I*, the trial court correctly concluded, "stands as the law of the case between the parties now before us."[16]

The state complains of this outcome, arguing for the retroactive application of *Montejo*, given that therein the United States Supreme Court has overturned the very case upon which *Stone I* was premised. Indeed, the state points out, in other cases contesting suppression rulings, such as *Simmons v. State*[17] and *Agnew v. State*,[18] this court declined to apply case law prevailing at the rendition of the challenged ruling, where prior to obtaining appellate review, the United States Supreme Court issued a decision changing case law concerning principles governing the suppression rulings.

The procedural postures of *Simmons* and *Agnew* distinguish those cases from the instant appeal. In *Simmons* and *Agnew*, no appellate review of the suppression rulings had occurred when the United States Supreme Court issued a decision that effected changes in the law underlying those suppression rulings.[19] Therefore, the law of the case rule was not in play in those cases. Here, however, because the suppression ruling concerning Stone's custodial statement had already received interim appellate review, the trial court correctly determined that the issue was governed by the law of the case rule.[20]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

---

the Supreme Court when the case reaches that court a second time. The principle in the decision may be reviewed and overruled in another case between different parties, but as between the parties the decision stands as the law of the case, even though the ruling has been disapproved by the Supreme Court in a case decided before the second appearance of the case in that court.") (citations and punctuation omitted); *Pierce v. State*, 278 Ga. App. 162, 164 (1) (628 SE2d 235) (2006) ("[E]ven when the law changes the earlier ruling, appellate rulings remain binding between parties to a case, so long as the evidentiary posture of the case remains unchanged.") (citation omitted). There is no assertion that the evidentiary posture of the underlying issue changed since our decision in *Stone I*.

[15] *Stone I*, supra at 305-308. Cf. *Currid v. DeKalb State Court Probation Dept.*, 285 Ga. 184, 186, n. 5 (674 SE2d 894) (2009) (noting that without an express ruling on issue at hand, law of the case rule as articulated in OCGA § 9-11-60 (h) was inapplicable) (citing *Parks v. State Farm Gen. Ins. Co.*, 238 Ga. App. 814, 815 (1) (520 SE2d 494) (1999), for the proposition that the law of the case rule applies only to actual decisions, not to issues raised by the parties but never ruled upon).

[16] *Langlands*, supra at 106 (2).

[17] 299 Ga. App. 21 (681 SE2d 712) (2009).

[18] 298 Ga. App. 290 (680 SE2d 141) (2009).

[19] See *Simmons*, supra at 26-27 (5); *Agnew*, supra at 292-293 (3).

[20] See OCGA § 9-11-60 (h); *Langlands*, supra at 105-106; *Walden*, supra; *Pierce*, supra; *Fulton-DeKalb Hosp. Auth.*, supra.

■■■■■■■■■■■

DECIDED JUNE 30, 2010.

■■■■■■■■■■■

*Kermit N. McManus, District Attorney, Benjamin B. Kenemer, Assistant District Attorney*, for appellant.

*Benjamin D. Goldberg, Michael R. McCarthy, George B. Sparks*, for appellee.