**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 20, 2016**

# In the Court of Appeals of Georgia

A16A0678. JOHNSON v. THE STATE.                                    PE-025C

PETERSON, Judge.

Tyrone Johnson, convicted of trafficking in cocaine and possession of cocaine with intent to distribute, appeals from the denial of his motion for new trial and argues that the trial court erred in denying his motion to suppress evidence seized pursuant to a search warrant. Johnson argues that the magistrate lacked probable cause to issue the search warrant because the supporting affidavit did not show that a confidential informant's statements were independently corroborated. We conclude that the information contained in the search warrant affidavit provided the magistrate with probable cause to issue the search warrant and, therefore, affirm the denial of Johnson's motion to suppress.

In reviewing the trial court's grant or denial of a motion to suppress, we will not disturb its findings "if there is any evidence to support them; all relevant evidence of record, including evidence introduced at trial, as well as evidence introduced at the motion to suppress hearing, may be considered." *Pittman v. State*, 286 Ga. App. 415, 416 (650 SE2d 302) (2007) (citation and footnote omitted). The trial court's application of the law is subject to de novo review. *State v. Palmer*, 285 Ga. 75, 78 (673 SE2d 237) (2009) (citation omitted).

The record shows that Agent Jones, a narcotics officer with the Bartow County Sheriff's Office, applied for a warrant to search a residence belonging to Johnson's brother, Dolphus. In support of his application, Agent Jones submitted an affidavit swearing that a confidential informant (CI) had recently contacted him and stated that the CI could purchase cocaine from a black male known as "Bigz" at the residence. Agent Jones stated that he was familiar with the name "Bigz" based on a prior investigation, and he presented a picture of Dolphus to the CI, who confirmed that Dolphus was "Bigz." Agent Jones also stated that he directed the CI to make a controlled purchase of $200 of crack cocaine at Dolphus's residence, and the CI was kept under constant surveillance except for the three minutes he was inside the house. Agent Jones averred that, after the CI left the residence, officers searched him and

found an amount of cocaine consistent with the amount of money police had provided him. Agent Jones further stated that a member of the narcotics team was able to confirm that Dolphus was at the residence during the controlled buy, and the CI reported that he bought the cocaine from Bigz. Based on Agent Jones' affidavit, the magistrate issued a warrant to search Dolphus' residence.

A few hours after the controlled drug buy, Agent Jones and other narcotics officers returned to the residence to execute the warrant, finding no one home at the time. During a search of the residence, the officers found two sets of digital scales containing visible residue that appeared to be cocaine, mail addressed to Dolphus and Johnson, and over $1,100 in cash, some of which was money that had been used in the controlled drug buy. The narcotics officers saw a vehicle matching one that was seen previously at the residence drive by the house and park a short distance away. Agent Jones approached the vehicle, observed that Johnson and Dolphus were inside, and ordered the men out of the vehicle. During a search of the men, narcotics officers recovered two bags of cocaine, one from each, together weighing over 87 grams and a sample of which had a purity of 63.4 percent.

Johnson moved to suppress the evidence, arguing, among other things, that Agent Jones' affidavit did not include any information concerning the CI's reliability.

Following a hearing, the trial court denied Johnson's motion to suppress because the CI's reliability was corroborated by the controlled drug buy and this information provided the magistrate with probable cause to issue the search warrant.

On appeal, Johnson argues that the trial court erred in denying his motion to suppress because Agent Jones' affidavit lacked any information by which the magistrate could evaluate the CI's credibility or reliability, and the CI's statements were not independently corroborated. Johnson's claim is without merit.

A judicial officer may issue a search warrant only if sufficient facts are shown to establish probable cause that a crime is being or has been committed. OCGA § 17-5-21(a).

> The magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Palmer*, 285 Ga. at 77 (citations omitted). Like the trial court, we must give substantial deference to the magistrate's decision to issue the warrant. *Id.* In reviewing the search warrant, we consider the totality of the circumstances to

4

determine whether the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant. *Id.* at 78.

Here, Agent Jones stated in his affidavit that the CI had contacted him, informed him he could buy cocaine from Bigz, and confirmed that Bigz was Dolphus based on a photograph presented by the agent. Agent Jones' affidavit also described that the CI was kept under constant surveillance during the controlled drug buy at Dolphus' residence, except for the three minutes he was inside the house. Although Johnson is correct that Agent Jones' affidavit contains no information concerning the CI's reliability and credibility, the controlled drug buy conducted under Agent Jones' observation, by itself, was sufficient to establish probable cause. *See Brown v. State*, 244. Ga. App. 440, 441-42 (1) (535 SE2d 785) (2000).

Johnson's focus on the fact that narcotics officers did not actually see or hear the CI complete the controlled drug buy is misplaced. Probable cause to issue a search warrant does not require certainty that an offense was committed, but merely a fair probability that contraband or evidence of a crime will be found at a particular place. *See State v. Stephens*, 252 Ga. 181, 183 (311 SE2d 823) (1984). The controlled drug buy established more than fair probability that evidence of drug offenses would be found at Dolphus' residence, and thus the magistrate was presented with probable

5

cause to issue the search warrant. Accordingly, we affirm the trial court's denial of Johnson's motion to suppress.

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur.*