**FIFTH DIVISION
MCFADDEN, P. J.,
BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 19, 2017**

# In the Court of Appeals of Georgia

A17A0379. BOWMAN v. THE STATE.

MCFADDEN, Presiding Judge.

We granted this interlocutory appeal to determine whether the trial court erred in denying Denzell Bowman's motion to suppress his recorded custodial statement. He argues that admission of the statement would violate his Sixth Amendment right to counsel. He waived his right to counsel during the interview that resulted in the statement, but he argues that the waiver was ineffective because law enforcement officers initiated the interview after Bowman's right to counsel under the Sixth Amendment had attached. The authority he cites for that proposition has been overruled or disapproved. Bowman has offered no other argument that the waiver was ineffective, and the evidence supported the trial court's ruling that Bowman had freely and voluntarily given the interview. So we affirm.

"In reviewing the trial court's grant or denial of a motion to suppress, we will not disturb [his] findings if there is any evidence to support them[.] The trial court's application of the law is subject to de novo review." *Johnson v. State*, 336 Ga. App. 888 (785 SE2d 424) (2016) (citations and punctuation omitted). So viewed, the record shows that Bowman was arrested pursuant to a warrant on a charge of armed robbery. At his first appearance hearing before the magistrate court, Bowman did not request a court-appointed attorney but stated that he had hired an attorney. (In fact, Bowman did not retain the attorney in this case; the attorney had represented Bowman in other matters.) Subsequently, law enforcement officers interviewed Bowman at the jail. At the start of that interview, an officer recited *Miranda* warnings to Bowman and had him sign a waiver of rights form. Bowman appeared to understand what the officer was saying to him regarding his rights and was not reluctant to speak with the officer. He did not ask to speak with an attorney at any point during the interview, nor did he mention that he had hired an attorney.

Bowman moved to suppress his statement on Sixth Amendment grounds. In denying the motion, the trial court found that Bowman "was appropriately Mirandized by officers and thereafter gave an interview which [was] freely and voluntarily given."

2

The line of authority on which Bowman relies begins with the proposition that, "absent a valid waiver, [a] defendant has the right to the presence of an attorney during any interrogation occurring after the first formal charging proceeding, the point at which the Sixth Amendment right to counsel initially attaches." *Moran v. Burbine*, 475 U. S. 412, 428 (III) (106 SCt 1135, 89 LE2d 410) (1986) (citations omitted). See *Housel v. State*, 257 Ga. 115, 121 (1) (d) (355 SE2d 651) (1987). In *Michigan v. Jackson*, 475 U. S. 625 (106 SCt 1404, 89 LE2d 631) (1986), the United States Supreme Court held that "if police initiate interrogation after a defendant's assertion, at an arraignment or similar proceeding, of his [Sixth Amendment] right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid." Id. at 636 (III). Citing *Jackson* and applying this rule, our Supreme Court held in *O'Kelley v. State*, 278 Ga. 564 (604 SE2d 509) (2004), that "the Sixth Amendment right to counsel, once attached, cannot be waived by the defendant during questioning that is initiated by interrogators." Id. at 568 (citation omitted). Bownman relies on this bright-line rule to argue that his waiver was ineffective because it occurred during police-initiated questioning after, he asserts, his Sixth Amendment right to counsel had attached.

But the bright-line rule articulated in *Jackson* and *O'Kelley* is no longer good law. The United States Supreme Court overruled *Jackson* in *Montejo v. Louisiana*, 556 U. S. 778, 797 (IV) (129 SCt 2079, 173 LE2d 955) (2009). Following suit, our Supreme Court disapproved *O'Kelley* in *Stinski v. State*, 286 Ga. 839, 856 (61) n. 5 (691 SE2d 854) (2010). See also *State v. Stone*, 304 Ga. App. 695 & n. 9 (697 SE2d 852) (2010).

So as the law now stands under *Montejo*, even if we assume that Bowman's Sixth Amendment right to counsel had attached at the first appearance hearing, this alone did not invalidate his waiver of that right during the police-initiated interview. Had Bowman made a clear assertion of the right to counsel at the start of the police-initiated interview, then no interview should have taken place. *Montejo*, supra, 556 U. S. at 797 (V). "Even if [Bowman] subsequently agreed to waive his rights, that waiver would have been invalid had it followed an unequivocal election of the right." Id. (citation and punctuation omitted). But it is undisputed that Bowman did not assert his right to counsel at any point during the interview. And Bowman has not argued that his Sixth Amendment waiver was not knowing and voluntary on any other ground. See id. at 798 (V) (discussing possibility that Sixth Amendment waiver could be invalid for reasons other than attachment of Sixth Amendment right to counsel at

4

a hearing that preceded a police-initiated interrogation). Moreover, the record supports the trial court's finding that Bowman freely and voluntarily gave his statement in an interview after being informed of his right to an attorney. See *Bradshaw v. State*, 300 Ga. 1, 3 (2) (792 SE2d 672) (2016).

*Judgment affirmed. Branch and Bethel, JJ., concur.*